# In the United States Court of Federal Claims

No. 16-912L and
No. 16-1565L and No. 18-375L Consolidated
(Filed: February 8, 2019)
NOT FOR PUBLICATION

| | | |
|---|---|---|
| PERRY LOVERIDGE, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Motion for Reconsideration; Rails-to-Trails; Oregon Law; Easement; Fee Simple |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |
| ALBRIGHT, et al., | ) | |
| Plaintiffs, | ) | |
| and | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## OPINION ON PLAINTIFFS' MOTIONS FOR RECONSDIERATION

*Steven M. Wald*, St. Louis, MO, for *Loveridge* plainitffs.  *Michael J. Smith*, St. Louis, MO and *Thomas S. Stewart* and *Elizabeth G.  McCulley*, Kansas City, MO, of counsel.

*Mark F. Hearne, II*, Clayton, MO, for *Albright* plaintiffs.  *Maghan S. Largent*, *Lindsay S.C. Brinton*, and *Stephen S. Davis*, Clayton, MO and *Abram J. Pafford*, Washington, D.C., of counsel.

*Barbara M.R. Marvin*, Environment and Natural Resources Division, United States Department of Justice, Washington, D.C., with whom was *Jeffrey H. Wood*, Acting Assistant Attorney General, for defendant.  *Ragu-Jara* Gregg, Washington, D.C., of counsel.

## I.    INTRODUCTION

The *Albright* and *Loveridge* plaintiffs have asked this court to reconsider its rulings in its August 13, 2018 Opinion regarding 57 of the 132 deeds at issue in this case.[1] The plaintiffs dispute the court's findings that under Oregon law, certain deeds conveyed fee title to the railroad in these rails-to-trails cases as opposed to an easement. The *Albright* plaintiffs ask the court to reconsider its rulings as to 44 deeds while the *Loveridge* plaintiffs request reconsideration with respect to 25 deeds of which 12 are also included in the *Albright* plaintiffs' motion. In total the plaintiffs in these cases are seeking reconsideration on 57 deeds that the court determined conveyed a fee to the railroad.

The *Albright* and *Loveridge* plaintiffs move for reconsideration under Rule 59(a)(1) of the Rules of the United States Court of Federal Claims. Under that Rule, this court, "in its discretion, 'may grant a motion for reconsideration [,]'" but only if "'there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'"  *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting *Young* v. *United States,* 94 Fed. Cl. 671, 674 (2010)).  Accordingly, "[a] motion for reconsideration must also be supported 'by a showing of extraordinary circumstances which justify relief.'"  *Id.* (citing *Caldwell* v. *United States,* 391 F.3d 1226, 1235

---

[1] Prior to the court issuing its August 13, 2018 decision, the parties agreed as to whether 30 of the deeds conveyed a fee or an easement.  Additionally, the parties do not challenge the court's legal conclusions regarding 45 of the deeds.  At issue on reconsideration are certain deeds which the court determined conveyed a fee to the railroad and which plaintiffs argue should have been determined ot have conveyed an easement.

(Fed. Cir. 2004)).  The Supreme Court has held that motions for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).  *See also Lone Star Indus., Inc. v. United States*, 111 Fed. Cl. 257, 259 (2013) ("A Rule 59 motion 'must be based upon manifest error of law, or mistake of fact, and is not intended to give an unhappy litigant an additional chance to sway the court.'" (quoting *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999))).  "A court . . . will *not* grant a motion for reconsideration if the movant 'merely reasserts . . . arguments previously made . . . all of which were carefully considered by the Court.'" *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002) (quoting *Principal Mut. Life Ins. Co. v. United States*, 29 Fed. Cl. 157, 164 (1993)).  Rather, "the movant must point to a manifest (i.e., clearly apparent or obvious) error of law or a mistake of fact." *Id.* (citing *Principal Mut. Life Ins. Co.*, 29 Fed. Cl. at 164); *Lucier v. United States*, 138 Fed. Cl. 793, 798-99 (2018).  "'Manifest,' as in 'manifest injustice,' is defined as clearly apparent or obvious," *Lucier*, 138 Fed. Cl. at 799 (quoting *Ammex*, 52 Fed. Cl. at 557), and therefore, as the court recently explained, a party "seek[ing] reconsideration on the ground of manifest injustice, . . . cannot prevail unless it demonstrates that any injustice is apparent to the point of being almost indisputable." *Id.* (citations and internal quotation marks omitted).  The plaintiffs contend that there has been a manifest injustice on the grounds that the court  misapplied Oregon law and that its rulings are inconsistent with this court's prior rulings

in *Boyer v. United States*, 123 Fed. Cl. 430 (2015), a different rails to trails case arising in Oregon.[2]

## II.    THE COURT'S RULINGS ARE CONSISTENT WITH OREGON LAW.

Both the *Albright* and *Loveridge* plaintiffs argue that in its August 13, 2018 Opinion, the court did not properly consider the factors the Oregon Supreme Court laid out in *Bernards v. Link*, 248 P.2d 341 (Or. 1952), *opinion adhered to on reh'g*, 263 P.2d 794 (Or. 1953) (Mem.), and *Bouche v. Wagner*, 293 P.2d 203 (Or. 1956) when seeking to determine whether a conveyance of a strip of land to a railroad conveyed an easement or a fee simple interest. In *Bernards* the Oregon Supreme Court, in finding that an easement had been conveyed to a railroad, identified eight factors courts have looked at to determine the intent of the parties to convey an easement or a fee when the intent is not clear from the face of the deed. The factors examined include: 1) whether the deed is entitled a right of way; 2) whether the interest conveyed is described as a strip of land for use as a right of way; 3) whether the deed contains a reverter clause that makes clear that the property will be returned to the grantor if it no longer will be used as a right of way; 4) whether the consideration is nominal; 5) whether the grantees have to provide crossings; 6) whether the phrase "strip of land" is used repeatedly to describe

---

[2] The *Loveridge* plaintiffs also seek reconsideration with regard to the Goodspeed 16/487 and Goodspeed 9/200 deeds and the Smith, Lloyd 16/515 deed under Rule 60(a) for clerical errors. Rule 60(a) provides that "[t]he court may correct a clerical mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." First, the *Loveridge* plaintiffs argue that the court switched the text of the deed and analyses of the Goodspeed 16/487 and Goodspeed 9/200 in its August 13, 2018 opinion. Upon careful review the court agrees with the plaintiffs and the discussion of the Goodspeed 16/487 and Goodspeed 9/200 deeds in this opinion are consistent with this correction. Second the *Loveridge* plaintiffs argue that the court committed a clerical error when it recited the consideration of the Smith, Lloyd 16/515 deed as $1 rather that $150. The court agrees and the court's analysis of the effect of this correction is reflected in the court's analysis of the plaintiffs' Rule 59 motion for reconsideration of the Smith, Lloyd 16/515 deed. Therefore, the *Loveridge* plaintiffs Rule 60(a) motion for reconsideration is **GRANTED**.

the interest being conveyed; 7) whether the property conveyed is described with precision (if not it is more likely an easement); and 8) whether fencing is required to be maintained by the railroad. *Bernards* 248 P.2d at 343.  In *Bernards*, the Oregon Supreme Court found that a deed conveyed only an easement when the deed was labeled a right of way deed, nominal consideration was paid, the grant was for a strip of land to be used as a right of way for a railroad, the right of way was not described with precision, the grant was by its terms for the construction of a railroad and the property would revert back to the grantors if a railroad line was not built. *Id.*

Later in *Bouche* the Oregon Supreme Court was asked to decide whether a different deed conveyed an easement or fee to the railroad.  In that decision, the Oregon Supreme Court explained that courts, in endeavoring to ascertain the intent of parties where the intent is not express, but the phrase "right of way" is used, will generally find an easement when the grant references the use to be made of the property in the granting or habendum clause. *Bouche*, 293 P.2d at 209.  Thus in *Bouche*, the Oregon Supreme Court held that a deed conveyed a fee to the railroad where the deed: 1) described the conveyance as a strip of land without identifying the grant as only a right; 2) did not include a statement of purpose; 3) described the land to be conveyed with precision; and 4) used language in the habendum clause consistent with the grant of fee. In reaching this conclusion, the *Bouche* court explained that the fundamental task of a court in deciding whether a deed conveys a fee or an easement to the railroad is "to ascertain the intent of the original parties *by considering the language of the deed in its entirety* and the surrounding circumstances." *Bouche*, 293 P.2d at 208. *See also Doyle v. Gilbert*, 469 P.2d 624, 626 (Or. 1970); *U.S. Nat'l Bank of LaGrande v. Miller*, 258 P.2d 205, 209 (Or. 1927)).

In this case, after looking at the language of all of the deeds, including the ones not in dispute, the court found that certain of the *Bernards/Bouche* factors were not very helpful in discerning whether a deed conveyed a fee or easement because the parties had agreed that deeds with these factors conveyed both fees and easements. For example, the Alderman 11/614, Bryden 74/274, Cone 7/339, Handley 21/99, Hobson 7/39, and Illingworth 7/164 deeds, which the parties stipulated conveyed a fee to the railroad, all contained the phrase "strip of land" and language such as "through" and "across".  Relying on the parties stipulations and comparing the language of the deeds that the parties agreed conveyed either an easement or a fee, the court concluded that although it would consider the phrase "strip of land" as an indication of an intent to convey an easement under Oregon law,  the phrase "strip of land" without more was not very helpful in determining the parties' intent in most instances. The court also found that use of the word "through," which the *Albright* plaintiffs contend is interchangeable with "over and across," was also of limited value in discerning the original parties' intent because virtually all of the fee and easement deeds used "through" to describe the location of the "strip of land" conveyed on the grantor's property. Furthermore, the court also found that the precision used to describe fee interest conveyed was not consistent between the properties the parties agreed were conveyed in fee and thus the court did not give that factor much weight.  The Alderman 11/614 deed contained a far more precise description of the land being conveyed which included specific references to boundary markers and precise metes and bounds description

while the Cone 7/339 deed only described the land being conveyed as a land which runs through certain parcels.[3]

In the court's view limiting the use of certain factors that were not helpful in discerning the parties' intent was in keeping with the Oregon Supreme Court's decision in *Bouche*.  In that case, the Oregon Supreme Court explained that under Oregon law, ORS 93.120, "any conveyance of real estate passes all the estate of the grantor, unless the intent to pass a lesser estate appears by express terms, or is necessarily implied in the terms of the grant." Thus, the Oregon Supreme Court went on to explain that in deciding what was conveyed to a railroad, courts must pay special attention to whether the deed limits the railroad's use of the property to only a right:

> [deeds] which purport to grant and convey a strip, piece, parcel, or tract of land, [but] which do not contain additional language *relating to the use or purpose to which the land is to be put or in other ways cutting down or limiting, directly or indirectly, the estate conveyed . . . .* [ convey a fee]. *Id.* (quoting Annotation, *Deed to Railroad Co. as Conveying Fee or Easement*, 132 A.L.R. 142 (1941)).

In view of the foregoing, the court does not find that reconsideration is warranted solely on the grounds that the court did not give equal weight or sufficient weight to all of the eight *Bernards/Bouche* factors in deciding whether the original grantor conveyed a fee or easement to the railroad.  This court examined each deed and applied the *Bernards/Bouche* factors as appropriate. Only to the extent that plaintiffs can show that these factors were misapplied will the court consider whether reconsideration is warranted.

## III.   DIFFERENCES BETWEEN THE COURT'S AUGUST 13 OPINION AND THE

---

[3] The government notes that the Restatement (First) of Property §471, cmt. c. (1944) provides that references to "an area to be located by survey with reference to a known point or points" or an "area to be determined by survey" may be sufficient to indicate the intent to convey a fee.  The more precise the more likely the deed conveys a fee.

**RULING IN *BOYER* DO NOT WARRANT RECONSIDERATION.**

Both the *Loveridge and Albright* plaintiffs also argue that this court's rulings in the

August 13 Opinion are contrary to, and inconsistent with, the court's rulings three years ago in

*Boyer v. United States*, 123 Fed. Cl. 430 (2015) and for this reason the court's rulings must be

reconsidered.  As discussed below, the court finds that any inconsistencies between the

decisions do not warrant reconsideration of any ruling.

First, the *Boyer* and *Loveridge* and *Albright* cases involve different railroad lines and

deeds and therefore the *Boyer* decision is of limited value in discerning the intent of the original

parties to the deeds in this case.[4] While non-binding decisions may provide persuasive authority

in certain circumstances, this is ordinarily only true, "when the facts at issue are substantially

similar." *Tamerlane, Ltd. V. United States*, 81 Fed. Cl. 752, 759 (2008) (citing *Kerr-McGee*

*Corp. v. United States*, 77 Fed. Cl. 309, 317 n. 10 (2007)).  Here, the facts are not "substantially

similar" to those in *Boyer.* The deeds and rail line are not the same. Second, in this case, the

parties stipulated to certain deeds and the court relied on those stipulations in deciding the

original parties' intent when considering the other deeds at issue. It is not appropriate to

reconsider the court's ruling on the deeds in this case based on the court's ruling in *Boyer*

regarding different rail lines and different deeds.  The court applied the same Oregon law in

both cases. Reconsideration, as noted above, is only appropriate if the court misapplied Oregon

law.

## IV.   THE INDIVIDUAL DEEDS

---

[4] In its decision in *Boyer* the court considered several deeds in connection with the Portland, Eugene, and Eastern Railway. In the above-captioned cases the relevant rail line was the Port of Tillamook Bay Railroad.

Plaintiffs' motions for reconsideration of specific deeds are divided into the five categories the court asked the parties to use on reconsideration. *See* Oct. 22, 2018 Order. In its order, the court noted that the five categories may overlap and in that instance, the court explained that all of a plaintiffs' objections to the court's determination should "be addressed in the first category where the deed appears." *Id.*

### A. Category I: Deeds that contain the language "together with the right to build, maintain, and operate thereover a railway" or other similar language.

Category I includes 10 deeds: Brinn 6/328; Cummings 77/262; DuBois 22/40; Gattrel 13/311; Goodwin 81/147; Large 5/536; Rinck 77/454; Slattery 94/161; Wheeler Lumber Co. 16/3; and Wheeler Lumber Co. 16/5.

For each of these 10 deeds in Category I, the *Albright* plaintiffs argue based on the language quoted above ("right to build, maintain, and operate language") that although the deeds do not include any right of way language that under *Bouche* these deeds must be read to convey only an easement. Specifically, the plaintiffs argue that under the standard set forth in *Bouche* any deed containing language relating to the use of the property being conveyed for railroad use must be construed to convey an easement.

The government argues in support of the court's previous ruling that the subject deeds in Category I convey a fee that plaintiffs have mis-read *Bouche*. *Bouche* states that

> [c]ourts have little difficulty, where a railroad company is grantee, in declaring that the instrument creates only an easement whenever the grant is a use to be made of the property, usually, but not invariably, describe as for the use as a right of way in the grant. . . . The courts, however, seem to express a divergence of opinion when the conveyance merely has a reference to the use or purpose to which the land is to be put, and which is contained in either the granting or habendum clause,

and, except for the reference, would uniformly be construed as passing title in fee.

The government argues that because the right to build, maintain, and operate language does not appear in either the granting or habendum clauses of the 10 deeds and because there is no right of way language in any of the deeds, the court was correct in determining that the right to build, maintain, and operate language does not indicate an intent by the original parties to grant an easement.

The court agrees with the government and sees no reason to re-examine its holding concerning the relevance of the right to build, maintain, and operate language unless that language appears in connection with the grant of the property interest being conveyed. In other words, if the right to build, maintain, and operate language does not appear to affect the interest being conveyed, the court sees no reason to change its holding that such language indicates that the original parties intended to convey a fee to the railroad. However, the court will reevaluate each of these deeds to determine if the right to build, maintain, and operate language can be read in connection with the grant of the property interest and thus is better read as a limitation of that interest.

In further support of their motion for reconsideration of eight of the ten deeds[5] in Category I, the plaintiffs argue that the court incorrectly determined that the deeds described the strip of land conveyed with precision and thus the court should have determined that the deeds conveyed an easement and not a fee.[6] As stated above, the

---

[5] These deeds are Cummings 77/262; Du Bois 22/40; Gattrel 13/311; Goodwin 81/147; Rinck 77/454; Slattery 94/161; Wheeler Lumber Co. 16/3; and Wheeler Lumber Co. 16/5.
[6] Additionally, the plaintiffs argue that the Du Bois 22/40; Wheeler Lumber Co. 16/3; and Wheeler Lumber Co. 16/5 deeds also contain nominal consideration which also indicates that the parties intended to convey only an easement and not a fee to the railroad.

court will examine whether it correctly applied the *Bernards/Bouche* factors. The court's

review of each of the deeds for which plaintiffs seek reconsideration in Category I are

set forth below.

    1.  Brinn 6/328 Deed

The **Brinn 6/328 deed (Def.'s Ex. 11)** provides in pertinent part

> KNOW ALL MEN BY THESE PRESENTS:  That foR [sic] and
> in consideration of the sum of $150.00 to them in hand paid, the receipt
> whereof is hereby acknowledged, G. A. Brinn and Annie Brinn, his wife,
> do hereby grant, bargain, sell and convey to the Pacific Railway and
> Navigation Company, and to its successors and assigns forever, all that
> portion of the land owned by them <u>embraced in a</u> strip of land 100 ft.
> wide, being 50 ft. on each side of the center line of the Pacific Railway
> and Navigation Company's Railway, as now surveyed, located and
> adopted thru <u>the lands of the aforesaid G. A. and Annie Brinn</u>, in Lots 1-
> 2- 3- 4- 5- 6- 7- and 8, [sic] Block "A", [sic] Plat of East Garibaldi, Sec.
> 21, T. 1 N. R. 10 W., W.M., said center line being more particularly
> described as follows:
>
>     * * * [Description] * * *
>
> Together with the tenements, hereditaments, and appurtenances
> thereunto belonging or in anywise appertaining;
>
> TO HAVE AND TO HOLD unto the Pacific Railway and
> Navigation Company, and to its successoRs [sic] and assigns forever;
> together with the right to build, maintain and operate thereover a railway
> and telegraph line.

The court had found that the Brinn 6/328 deed conveyed fee simple title to the railroad

because the language confirming the right to build a railroad did not limit the railroad's use of

the grant to only railroad purposes, the amount of consideration was substantial ($150), there

was no "right of way" language used in the title or body of the deed nor any right of reverter if

the railroad discontinued railroad use, and there was no requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.[7]

Given these findings, which are not disputed, the court rejects plaintiffs' contention that the right to build, maintain, and operate language in the final portion of the Brinn 6/328 deed mandates that the court find the Brinn 6/328 deed conveyed an easement. The Brinn 6/328 deed does not contain any of the other factors to suggest that the original parties intended to convey an easement. Therefore, the motion for reconsideration is denied.

2. Cummings 77/262 Deed

The **Cummings 77/262 deed (Def.'s Ex. 25)** provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS, That for and in consideration of the sum of $217.00 to them in hand paid, the receipt whereof is hereby acknowledged, James Cummings and Ann Cummings[,] his wife, hereinafter called the grantors, do hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Washington and State of Oregon, to-wit:-
>
> A strip of land one hundred feet in width, being fifty feet on each side of and parallel with the center line of the track of the grantee as the same is surveyed and located through the West half of the Southeast quarter of Section 29 in Township 3 North of Range 4 West of the Willamette Meridian, containing 7.70 acres more or less.
>
> Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.
>
> TO HAVE AND TO HOLD to the above named grantee and to its successors and assigns forever.
>
> The grantors do further covenant that the grantee may operate a

---

[7] The court compared the Brinn 6/328 deed as well as the other nine deeds in Category I with the Alley 5/475 deed which was the first deed analyzed by this court to contain the right to build, maintain, and operate language. The court notes that although the plaintiffs are challenging the court's legal conclusion about the significance of the right to build, maintain, and operate language in determining whether a fee or an easement was conveyed, they are not challenging the court's determination that the Alley 5/475 deed conveyed a fee and not an easement.

> railway line over the properties above described and also do all things
> convenient or useful to be done in connection therewith. The grantors do
> covenant that they are seised of the aforesaid premises in fee simple; that
> their estate therein is free from all liens and encumbrances, and that they
> will and their heirs, executors and administrators shall forever warrant
> and defend the above granted premises unto the grantee herein and unto
> its successors and assigns forever against the lawful claims and demands
> of all persons.

The court had found that the Cummings 77/262 deed conveyed fee simple title to the railroad because the language confirming that the right to build a railroad did not limit the railroad's use of the grant to only railroad purposes, the amount of consideration was substantial ($217), there was no "right of way" language used in the title or body of the deed nor any right of reverter if the railroad discontinued railroad use,  nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Given these findings, which are not disputed, the court rejects plaintiffs' contention that the right to build, maintain, and operate language in the final portion of the deed mandates that the court find the Cummings 77/262 deed conveyed an easement.

The plaintiffs also argue that the description of the property conveyed is not precise and thus the court should have found that the deed conveyed an easement and not a fee.  The court disagrees.  First, the description of the location of the land being conveyed to the railroad is sufficient to determine where that land was and the deed specifically states how many acres of land was conveyed to the railroad.  Additionally, the description of the land is nearly identical to the description provided for in several other deeds that both the plaintiffs and the government

agreed conveyed a fee to the railroad. *See* Cone 7/339[8], Handley 21/99[9], Hobson 7/39[10],

Illingworth 7/164[11].  Furthermore, in the description of the location of the property interest

being conveyed the parties indicate that the land had already been surveyed which when read in

conjunction with Restatement (First) of Property §471, cmt. c. (1944) (*See,* n. 3 supra) shows

sufficient precision in the description of the location of the conveyed land to conclude that the

parties intended to convey a fee.  Thus, the court finds that its original conclusion that the

*Bernards/Bouce* factors weighed in favor of finding that the Cummings 77/262 deed conveyed

a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.

    3.  Du Bois 24/40 Deed

The **Du Bois 24/40 deed (Def.'s Ex. 32)** provides in pertinent part:

> Know All Men by These Presents: That for and in consideration of
> the sum of One Dollar[]($1.00), the receipt whereof is hereby
> acknowledged, Willie G. Du Bois and John E. Du Bois, her husband,
> hereinafter called the grantors, do hereby bargain, sell, grant, convey and
> confirm to Pacific Railway and Navigation Company, hereinafter called
> the grantee, and to its successors and assigns forever, all of the following
> described real property situated in the county of Tillamook and state of
> Oregon, to-wit:

---

[8] The Cone 7/339 deed states in relevant part: "A strip of land one hundred (100) feet wide being fifty (50) feet on each side of the centerline of the railway of the grantee as the same is surveyed and located through Lot One of Block ten in Cone & McCoy's Addition to Bay City, according to the recorded plat thereof; Also through Lots twenty eight, thirty, and thirty one in J.J. McCoy's Addition to Bay City, according to the recorded plat thereof."

[9] Handley 21/99 deed states in relevant part "A strip of land one hundred (100) feet wide being fifty (50) feet on each side of the centerline of the railway of the grantee as the same is now surveyed and located through the south half (1/2) of block "B" in East Garfald Oregon, all being in Tillamook County State of Oregon"

[10] Hobson 7/39 deed states in relevant part "A strip of land one hundred (100) feet wide being fifty (50) feet on each side of the centerline of the railway grantee as the same is surveyed and located through Lots three, four and seven of section twenty-two, in Township of North of Range Ten West of Willamette Meridian."

[11] Illingworth 7/164 deed states in relevant part "A strip of land one hundred (100) feet wide being (50) feet on each side of the centerline of the railway of the grantee as the same is surveyed and located through Lot five of section 22, in Township One North of Range ten west of Willamette Meridian."

A strip of land sixty feet in width being thirty feet on each side of the center line of grantee's railway as the same is last located, staked out, surveyed and being constructed through the following described tract, to-wit:

Beginning at the […] corner  on the south bank of the Nehalen Bay on the section line between sections two (2) and three (3) in township two (2) north.  Range ten (10) west in said county and state and running thence south on said section line 5.26 chains to a post: thence south 55° 30' West 5.88 chains to post at the Southeast corner of the tract of land hereby described: thence South 55°330° West 6.46 chains to the southwest corner: thence north 34°30' West 6.38 chains to the south bank of Nehalen Bay: thence easterly up said Nehaluen Bay following the meanderings thereof to appoint and post north 34°30' West 5.55 chains from the said southeast corner of the lands hereby described; thence south 34°30' east 5.55 chains to the said southeast corner and place of beginning.

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

To Have and to Hold to the above named grantee and to its successors and assigns forever; the grantors confirming also to the grantee, its successors and assigns, the right to build, maintain and operate a line of railway thereover.

The aforesaid grantors do hereby covenant that they are the owners in fee simple of the above granted premises and that they will forever Warrant and Defend the same unto the said grantee, and unto its successors and assigns against the lawful claims of all persons whomsoever.

The court had found that the Du Bois 24/40 deed conveyed fee simple title to the railroad despite the nominal consideration ($1) because the language confirming the right to build a railroad did not limit the railroad's use to only railroad purposes, there was no "right of way" language used in the title or body of the deed nor any right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Given these findings, which are not disputed, the court rejects plaintiffs' contention that the right to build, maintain, and operate language in the final portion of the deed mandates that the court find the Du Bois 24/40 deed conveyed an easement.

The plaintiffs also argue that the description of the property conveyed is not precise and thus the court should have found that the deed conveyed an easement and not a fee. The court disagrees. First, the description of the location of the land being conveyed to the railroad is sufficient to determine its precise location. Additionally, the description of the land is nearly identical to the description provided for in several other deeds that both the plaintiffs and the government agreed conveyed a fee to the railroad. *See* Cone 7/339, Handley 21/99, Hobson 7/39, Illingworth 7/164. Furthermore, in the description of the location of the property interest being conveyed the parties indicate that the land had already been surveyed which when read in conjunction with Restatement (First) of Property §471, cmt. c. (1944) shows sufficient precision in the description of the location of the conveyed land to conclude that the parties intended to convey a fee. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Du Bois 24/40 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[12]

### 4.  Gattrell 13/311 Deed

The **Gattrell 13/311 deed (Def.'s Ex. 40)** provides in pertinent part:

---

[12] The plaintiffs also argue that because the consideration in the deed was nominal ($1) the court improperly determined that the Du Bois 24/40 deed conveyed a fee rather than an easement. However, the plaintiffs and the government stipulated that that Johnson 11/353 deed and the Parks 11/329 deed conveyed a fee to the railroad despite the amount of consideration only being $1.00 and the deed containing "strip of land" and "through". Thus given the parties stipulations, the court finds that the fact that the consideration in the deed was nominal is not determinative in concluding that the deed conveyed an easement rather than a fee.

> Know all Men by These Presents: That for and in consideration of the sum of One ($1.00), to him in hand paid, the receipt whereof is hereby acknowledged, F.J. Gattrell an unmarried man, hereinafter called the grantor, does bargain, sell, grant[,] convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, a strip of land sixty (60) feet in width, being thirty (30) feet on each side of and parallel with the center line of the railway of the grantee as the same is now located, surveyed and staked out through lot two (2) of section  twenty nine (29) in township two (2) North of range ten (10) West of the Willamette Meridian, in the County of Tillamook and State of Oregon.
>
> Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.
>
> To have and to hold unto the [above named] grantee and to its successors and assigns forever, confirming to the grantee likewise the right to build, maintain and operate a railway line thereover.

The court had found that the Gattrell 13/311 deed conveyed fee simple title to the railroad despite the nominal consideration ($1) because the language confirming the right to build a railroad did not limit the railroad's use to only railroad purposes, there was no "right of way" language used in the title or body of the deed nor any right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Given these findings, which are not disputed, the court rejects plaintiffs' contention that the right to build, maintain, and operate language in the final portion of the deed mandates that the court find the Gattrell 13/311 deed conveyed an easement.

The plaintiffs also argue that the description of the property conveyed is not precise and thus the court should have found that the deed conveyed an easement and not a fee.  The court disagrees.  First, the description of the location of the land being conveyed to the railroad is sufficient to determine its precise location.  Additionally, the description of the land is nearly identical to the description provided for in several other deeds that both the plaintiffs and the

government agreed conveyed a fee to the railroad. *See* Cone 7/339, Handley 21/99, Hobson 7/39, Illingworth 7/164.  Furthermore, in the description of the location of the property interest being conveyed the parties indicate that the land had already been surveyed which when read in conjunction with Restatement (First) of Property §471, cmt. c. (1944) shows sufficient precision in the description of the location of the conveyed land to conclude that the parties intended to convey a fee.  Thus, the court finds that its original conclusion that the *Bernards/Bouce* factors weighed in favor of finding that the Gattrell 13/311 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[13]

5.   Goodwin 81/147 Deed

The **Goodwin 81/147 deed (Def.'s Ex. 43)** provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of Three Hundred and [Fifty] Dollars, to them in hand paid, the receipt whereof is hereby acknowledged, Nathan J. Goodwin and M. M. Goodwin his wife, hereinafter called the grantors, do bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property, situate in the County of Washington and State of Oregon, to-wit: A strip of land One hundred feet in width, being fifty feet on each side of the center line of the track of the grantee, as the same is surveyed and located through the east half of the southwest quarter of section  twenty seven in township three  north of range five west, together with the appurtenances[,] tenements and hereditaments thereunto belonging or in anywise appertaining, together also with the right to maintain and operate a railroad thereover. TO HAVE AND TO HOLD to the grantee, and to its successors and assigns forever. The grantors, above named, do covenant with the grantee, and with its successors and assigns, that they are seized of the said premises

---

[13] The plaintiffs also argue that because the deed provide only nominal consideration ($1) the court should have found an easement.  As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Gattrell 13/311 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

> in fee simple, and that they will, and their heirs, executors and
> administrators shall, warrant and defend the same against the lawful
> claims and demands of all persons whomsoever.

The court had found that the Goodwin 81/147 deed conveyed fee simple title to the railroad because the language confirming the right to build a railroad did not limit the railroad's use to only railroad purposes, the amount of consideration was substantial ($350), there was no "right of way" language used in the title or body of the deed nor any right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Given these findings, which are not disputed, the court rejects plaintiffs' contention that the right to build, maintain, and operate language in the final portion of the deed mandates that the court find the Goodwin 81/147 deed conveyed an easement.

The plaintiffs also argue that the description of the property conveyed is not precise and thus the court should have found that the deed conveyed an easement and not a fee. The court disagrees. First, the description of the location of the land being conveyed to the railroad is sufficient to determine its precise location. Additionally, the description of the land is nearly identical to the description provided for in several other deeds that both the plaintiffs and the government agreed conveyed a fee to the railroad. *See* Cone 7/339, Handley 21/99, Hobson 7/39, Illingworth 7/164. Furthermore, in the description of the location of the property interest being conveyed the parties indicate that the land had already been surveyed which when read in conjunction with Restatement (First) of Property §471, cmt. c. (1944) shows sufficient precision in the description of the location of the conveyed land to conclude that the parties intended to convey a fee. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors

weighed in favor of finding that the Goodwin 81/147 deed conveyed a fee was correct and

therefore the plaintiffs' motion for reconsideration is denied.

6.  Large 5/536 Deed

The **Large 5/536 deed (Def.'s Ex. 69)** provides in pertinent part:

> Know All Men By These Presents:
>
> That for and in consideration of the sum of $250.00 to her in hand paid, the receipt whereof is hereby acknowledged, Mrs. J. Large does hereby grant, bargain, sell and convey to the Pacific Railway and Navigation Company, and to its successors and assigns forever: a strip of land 100 ft. wide, being 50 ft. on each side of the center line of the railway of the Pacific Railway and Navigation Company, as now surveyed and located thru this land of the aforesaid Mrs. J. Large in Lots 3 and 4, Sec. 21, T. 1 N. R. 10 W., W.M. said center line being more particularly described as follows, to wit:
>
> [Description]
>
> Together with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining;
>
> To Have and to Hold unto the Pacific Railway and Navigation Company and to its successors and assigns forever; together with the right to build, maintain and operate thereover a railway and telegraph line.

The court had found that the Large 5/536 deed conveyed fee simple title to the railroad

because the language confirming the right to build a railroad did not limit the railroad's use to

only railroad purposes, the amount of consideration was substantial ($250), there was no "right

of way" language used in the title or body of the deed nor any right of reverter if the railroad

discontinued railroad use, nor any requirement for the railroad to build structures such as

crossings, cattle guards, or fences to protect the grantor's interest.

Given these findings, which are not disputed, the court rejects plaintiffs' contention that

the right to build, maintain, and operate language in the final portion of the Large 5/536 deed

mandates that the court find the Large 5/536 deed conveyed an easement.  Therefore, the motion for reconsideration is denied.

### 7. Rinck 77/454 Deed

The **Rinck 77/454 deed (Def.'s Ex. 90)** provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of One Dollar to him in hand paid, the receipt whereof is hereby acknowledged, and other valuable considerations moving to him, J. H. Rinck, an unmarried man, hereinafter called the grantor, does hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forevEr, [sic] all of the following described real property situate in the County of Washington and State of Oregon, to wit:

> A strip of land 100 feet wide, being 50 feet on each side of the centerline [sic] of the track of the Pacific Railway and Navigation Company as the same is constructed through the North half of the northeast quarter of Section 32, in township 3 North of range 4 west of the Willamette Meridian containing 3.17 acres."

> Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining, granting also the grantee the right to operate a railway line thereover *as well as the fee of the aforesaid premises*. The grantor does covenant that he is seased [sic] of the aforesaid premises in fee simple and that the same are free from all liens and encumbrances, and that he will and his heirs, executors and administrators shall forever warrant and defend the same against the lawful claims and demands of all persons whomsoever.

The court had found that the Rinck 77/454 deed conveyed fee simple title to the railroad despite the nominal consideration ($1) because the language confirming the right to build a railroad did not limit the railroad's use to only railroad purposes, there was no "right of way" language used in the title or body of the deed nor any right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Given these findings, which are not disputed, the court rejects plaintiffs' contention that the right to build, maintain, and operate language in the final portion of the deed mandates that the court find the Rinck 77/454 deed conveyed an easement.

The plaintiffs also argue that the description of the property conveyed is not precise and thus the court should have found that the deed conveyed an easement and not a fee. The court disagrees. First, the description of the location of the land being conveyed to the railroad is sufficient to determine its precise location. Additionally, the description of the land is nearly identical to the description provided for in several other deeds that both the plaintiffs and the government agreed conveyed a fee to the railroad. *See* Cone 7/339, Handley 21/99, Hobson 7/39, Illingworth 7/164. Furthermore, in the description of the location of the property interest being conveyed the parties indicate that the land had already been surveyed which when read in conjunction with Restatement (First) of Property §471, cmt. c. (1944) shows sufficient precision in the description of the location of the conveyed land to conclude that the parties intended to convey a fee. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that Rinck 77/454 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[14]

### 8. Slattery 94/161 Deed

The **Slattery 94/161 deed (Def.'s Ex. 101)** provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That for and in consideration
> of the sum of Ten Dollars to them in hand paid, the receipt whereof is
> hereby acknowledged, and other valuable considerations moving to them,

---

[14] The plaintiffs also argue that because the deed provide only nominal consideration ($1) the court should have found an easement. As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Rinck 77/454 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

> W. C. Slattery and Delia Slattery, his wife, hereinafter called the grantors ,
> do bargain, grant, convey and confirm to Pacific Railway and Navigation
> Company, hereinafter called the grantee, and to its successors and assigns
> forever, all of the following described real property situate in the County
> of Washington and State[]of Oregon, to-wit: A strip of land one hundred
> feet in width, being fifty feet on each side of the center line of the grantee's
> railway as the same is surveyed, staked out and located through the
> northwest quArter [sic] of Section 32 in Township 3 North of Range 5
> West of the Willamette Meridian.        Together with the appurtenances,
> tenements and hereditaments thereunto belonging, or in any wise [sic]
> appertaining, with the right to construct, maintain and operate a railway
> thereover.        TO HAVE AND TO HOLD to the grantee and to its
> successors and assigns forever.    And the grantors do covenant with the
> grantee that they will warrant and defend the premises above granted unto
> the grantee, and to its successors and assigns against the lawful claims and
> demands of all persons whomsoever claiming or to claim under the
> grantors.

The court had found that the Slattery 94/161 deed conveyed fee simple title to the

railroad because the language confirming the right to build a railroad did not limit the railroad's

use to only railroad purposes, the amount of consideration was substantial ($10), there was no

"right of way" language used in the title or body of the deed nor any right of reverter if the

railroad discontinued railroad use, nor any requirement for the railroad to build structures such

as crossings, cattle guards, or fences to protect the grantor's interest.

Given these findings, which are not disputed, the court rejects plaintiffs' contention that

the right to build, maintain, and operate language in the final portion of the deed mandates that

the court find the Slattery 94/161 deed conveyed an easement.

The plaintiffs also argue that the description of the property conveyed is not precise and

thus the court should have found that the deed conveyed an easement and not a fee.  The court

disagrees.  First, the description of the location of the land being conveyed to the railroad is

sufficient to determine its precise location.  Additionally, the description of the land is nearly

identical to the description provided for in several other deeds that both the plaintiffs and the

government agreed conveyed a fee to the railroad. *See* Cone 7/339, Handley 21/99, Hobson 7/39, Illingworth 7/164.  Furthermore, in the description of the location of the property interest being conveyed the parties indicate that the land had already been surveyed which when read in conjunction with Restatement (First) of Property §471, cmt. c. (1944) shows sufficient precision in the description of the location of the conveyed land to conclude that the parties intended to convey a fee.  Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Slattery 94/161 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.

9. Wheeler Lumber Co. 16/3 Deed

The **Wheeler Lumber Co. 16/3 deed (*Albright*, ECF No. 34, Ex. 82)** provides in part:

> Know All Men by These Presents: That for and in consideration of the sum of $1.00 to it in hand paid, the receipt whereof is hereby acknowledged, The Wheeler Lumber Company, hereinafter called the grantor, does hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the county of Tillamook and State of Oregon, to-wit:
>
> A strip of land 60 feet in width, being thirty 30 feet on each side of and parallel with the center line of the grantee's railway as the same is located, staked out, and surveyed through the following described three parcels of real property, to-wit:
>
> * * * * [Describing the three parcels through which the strip being conveyed runs] * * *
>
> Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.
>
> To Have and to Hold to the above named grantee and to its successors and assigns forever; the grantors confirming also to the grantee, its successors and assigns, the right to build, maintain and operate a line of railway thereover.

The court had found that the Wheeler Lumber Co. 16/3 deed conveyed  fee simple title to the railroad despite the nominal consideration ($1) because the language confirming that the

right to build a railroad did not limit the railroad's use to only railroad purposes, there was no "right of way" language used in the title or body of the deed nor any right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Given these findings, which are not disputed, the court rejects plaintiffs' contention that the right to build, maintain, and operate language in the final portion of the deed mandates that the court find the Wheeler Lumber Co. 16/3 deed conveyed an easement.

The plaintiffs also argue that the description of the property conveyed is not precise and thus the court should have found that the deed conveyed an easement and not a fee.  The court disagrees.  First, the description of the location of the land being conveyed to the railroad is sufficient to determine its precise location.  Additionally, the description of the land is nearly identical to the description provided for in several other deeds that both the plaintiffs and the government agreed conveyed a fee to the railroad. *See* Cone 7/339, Handley 21/99, Hobson 7/39, Illingworth 7/164.  Furthermore, in the description of the location of the property interest being conveyed the parties indicate that the land had already been surveyed which when read in conjunction with Restatement (First) of Property §471, cmt. c. (1944) shows sufficient precision in the description of the location of the conveyed land to conclude that the parties intended to convey a fee.  Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Wheeler Lumber Co. 16/3 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[15]

---

[15] The plaintiffs also argue that because the deed provide only nominal consideration ($1) the court should have found an easement.  As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through

10. Wheeler Lumber Co. 16/5 Deed

The **Wheeler Lumber Co. 16/5 deed (Def.'s Ex. 123)**, provides in pertinent part:

Know All Men by These Presents, that for and in consideration of the sum of One Dollar ($1.00) to it in hand paid, the receipt whereof is hereby acknowledged, The Wheeler Lumber Company, hereinafter called the grantor, does hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the county of Tillamook and state of Oregon, to-wit:

A strip of land sixty feet in width being thirty feet on each side of and parallel with the center line of the grantee's railway as the same is last located, staked out, surveyed and being constructed through Lots Four (4), Five[](5), Six[](6) and that part of Lot Three (3) lying west of the lands in said lot heretofore conveyed by said grantor to Willie G. Du Bois, all in Section Three (3) and the East Half (E ½) of Lot One (1) in Section Four (4) and through all tide lands fronting and abutting on all of the above described lands, all in Township Two[](2), North Range Ten (10) West Willamette Meridian.

Also, a strip of land sixty feet in width being thirty feet on each side of and parallel with the center line of the grantee's railway as the same is last located, staked out, surveyed and being constructed through all the tide lands fronting and abutting on that part of said Lot Three (3) in said Section Three (3) in said Township Two[](2) North, Range Ten (20) West, Willamette Meridian, described as follows: * * * * [Describing the land through which the strip being conveyed runs] * * *

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

To Have and to Hold to the above named grantee and to its successors and assigns forever; the grantors confirming also to the grantee, its successors and assigns, the right to build, maintain and operate a line of railway thereover.

The aforesaid grantor does hereby covenant that it is the owner in fee simple of the above granted premises, and that it will warrant and defend same unto the said grantee aforesaid, its successors and assigns, against the lawful claims and demands of all persons whomsoever.

---

conveyed a fee. As such, the court finds that the fact that the Wheeler Lumber Co. 16/3 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

The court had found that the Wheeler Lumber Co. 16/5 deed conveyed fee simple title to the railroad despite the nominal consideration ($1) because the language confirming that the right to build a railroad did not limit the railroad's use to only railroad purposes, there was no "right of way" language used in the title or body of the deed nor any right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Given these findings, which are not disputed, the court rejects plaintiffs' contention that the right to build, maintain, and operate language in the final portion of the deed mandates that the court find the Wheeler Lumber Co. 16/5 deed conveyed an easement.

The plaintiffs also argue that the description of the property conveyed is not precise and thus the court should have found that the deed conveyed an easement and not a fee. The court disagrees. First, the description of the location of the land being conveyed to the railroad is sufficient to determine its precise location. Additionally, the description of the land is nearly identical to the description provided for in several other deeds that both the plaintiffs and the government agreed conveyed a fee to the railroad. *See* Cone 7/339, Handley 21/99, Hobson 7/39, Illingworth 7/164. Furthermore, in the description of the location of the property interest being conveyed the parties indicate that the land had already been surveyed which when read in conjunction with Restatement (First) of Property §471, cmt. c. (1944) shows sufficient precision in the description of the location of the conveyed land to conclude that the parties intended to convey a fee. Thus, the court finds that its original conclusion that the *Bernards* factors

weighed in favor of finding that the Wheeler Lumber 16/5 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[16]

### B.  Category II:  Deeds titled "Railway Deeds."

Category II includes the following deeds: Batterson 12/163, Easom 11/515, McMillan 11/328, Ostrander 9/205, Roy 11/516, and Shrader & Groat 11/354.  The *Albright* plaintiffs make two separate legal arguments as to why the court should reconsider its determination that these six deeds conveyed a fee to the railroad.  Each of these legal arguments will be addressed in turn.

> i.      Deeds Entitled "Railway Deed" Do Not Automatically Convey An
>         Easement To The Railroad.

The *Albright* plaintiffs contend that these six deeds should be interpreted as having conveyed only easements. Plaintiffs argue that "railway" in the title of a deed, is the same as, or interchangeable with, "right of way," *Albright* Mot. at 8, and that the title of the deed alone, regardless of whether "Right-of Way Deed" or "Railway Deed," is "enough under Oregon law to find an easement." *Id*. at 9.

The *Albright* plaintiffs did not raise this argument in their summary judgment motion or reply, but rather raised the issue for the first time in their objections to the Court's Preliminary Findings on summary judgment, ECF No. 49. The United States therefore maintains, as it did in oral argument, Oral Arg. Tr. 99:11-20, that the *Albright* plaintiffs have waived this argument.

---

[16] The plaintiffs also argue that because the deed provide only nominal consideration ($1) the court should have found an easement.  As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Wheeler Lumber Co. 16/5 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

Plaintiffs cite no Oregon law or other controlling authority in support of their argument, and the court is aware of no Oregon cases that hold, or even suggest, that a deed entitled "Railway Deed" cannot convey a fee.  Indeed, to the contrary, as the United States previously noted, Def.'s XMSJ at 14-15, Oregon law is clear that railroads can own strips of land in fee. *See Bouche*, 293 P.2d at 206, 210.  And the Oregon Supreme Court has held that, in conveyances to railroads, the phrase "right of way" can refer to the land itself and not be an indication of the estate being conveyed. *Id.* at 209.  In this case, the Category II deeds do not use either the terms "right-of way" or "railway" in the body of the deed, but only in the title. Thus, because railroads can hold either fee title or easements in strips of land on which they construct a right of way, the title, "Railway Deed," does not dictate that the property interest being conveyed is an easement, rather it merely indicates that the deed is a form that can be used when a railroad is a party to a land conveyance.

In sum, as to this issue, particularly in light of the substantial consideration for each of the six conveyances (Batterson - $800; Easom - $800; McMillan - $300; Ostrander - $550; Roy - $1,000; Shrader & Groat - $200),[17] and based on the absence of any "right of way" or other limiting language, the court finds that reconsideration is not needed.

ii.     Strip of land, through, and lack of precision

The *Albright* plaintiffs also challenge each of the Category II deeds on other grounds the deeds' use of "strip of land," and "through," and the lack of precision in their descriptions of the property being conveyed, which they claim are "additional indicia" indicating that the deeds

---

[17]  In *Boyer,* this Court recognized that "where consideration is substantial, the balance tips in favor of finding a fee . . . ."  123 Fed. Cl. at 439.

were intended to convey easements and not fees as the court had previously determined.  The

court will review each deed in turn for reconsideration.

      1.  Batterson 12/163

   The **Batterson 12/163 deed (Def.'s Ex. 5)** provides in pertinent part:

>   S. M. Batterson      et al                                     Railway Deed.
> to                                                             NO. 7948.
> Pacific Railway and Navigation Co.
>       KNOWN ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of Eight [sic] Hundred & 00 DOLLARS, [sic] the receipt whereof is hereby acknowledged, we, S M. Batterson [sic] and Harriet E. McMaine, sole heirs at law of William Batterson, deceased, and Pauline O. Batterson wife of said S. M. Matterson, hereinafter called the grantors, do hereby bargain, sell, grant[,] convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:
>       A strip of land one hundred (100) feet wide being fifty (500 [sic] feet on each side of the center line of the railway of the grantee, as the same is surveyed and located through Lots 4, 6 and 7 and the North West quarter of South East quarter of Section 34 and LOt [sic] 6 of Section 35, in Township 3 North of Range nine West of Willamette Meridian.
>       Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.
>       TO HAVE AND TO HOLD unto the above named grantee, and unto its successors and assigns forever.
>       The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

The court found that the Batterson 12/163 deed granted fee simple title to the railroad

because "Railway Deed" on its own did not indicate an intent to convey an easement, the

amount of consideration was substantial ($800), there was no "right of way" language in the

title or body of the deed, no limitation on the use of the land for railroad purposes only, no right

of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee.  The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I deeds the Batterson 12/163 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Batterson 12/163 deed conveyed a fee to the railroad.  The court disagrees.  First "strip of land" only indicates an intent to convey an easement when it is used in connection with language limiting its use.  In this instance it is clear that "strip of land" is describing the property being conveyed. Similarly, deeds which contain the word "through" when describing the location of the "strip of land" does not indicate an intent by the original parties to convey an easement.  The use of the word "through" is not the same as "over and across" which the Oregon Supreme Court found indicated an intent to convey an easement, and the use of "through" not in connection with a right to cross does not indicate an intent to convey an easement but rather is a description of the location of the property interest being conveyed.  As such, the use of "through" in the Batterson 12/163 deed is not used in connection with a right and as such does not indicate an intent by the original parties to convey an easement.  Thus, the court finds that its original conclusion that the

*Bernards/Bouche* factors weighed in favor of finding that the Batterson 12/163 deed conveyed a

fee was correct and therefore the plaintiffs' motion for reconsideration is denied.

> 2.  Easom 11/515 Deed

The **Easom 11/515 deed (Def.'s Ex. 33)** provides in pertinent part:

Elnora [sic] F. Easement et vir.                       Railway Deed.
to                                                                      No. 7463.
Pacific Railway and Navigation Co.

> KNOW ALL MEN BY THESE[]PRESENTS : [sic] That for and
> in consideration of the sum of Eight Hundred & 00/100 DOLLARS, the
> receipt whereof is hereby acknowledged, we, Elnora [sic] F. Easom and
> Chas. E. Easom, wife and husband[,] do hereby bargain, sell, grant,
> convey and confirm to  PACIFIC RAILWAY AND NAVIGATION
> COMPANY, hereinafter called the grantee, and to its successors and
> assigns forever, all of the following described real property situate in the
> County of Tillamook and State of Oregon, to-wit:

> A strip of land one hundred (100) feet wide being fifty (50) feet on
> each side of the center line of the railway of the grantee <u>as the same is
> surveyed and located</u> through Lots One, two, six and seven in Section
> thirty six, in Township three North of Range ten West of Willamette
> Meridian, except a certain three acre tract in said Lot One [sic] heretofore
> sold to Felix Roy.

> Together with the appurtenances, tenements and hereditaments
> thereunto belonging or in anywise appertaining.

> TO HAVE AND TO HOLD unto the above named grantee and
> unto its successors and assigns forever.

> The grantors above named do covenant that they are seized of the
> aforesaid premises in fee simple, and that the same are free from all
> encumbrances, and that they will warrant and defend the premises herein
> granted unto the grantee aforesaid, and unto its successors and assigns
> against the lawful claims of all persons whomsoever.

The court found that the Easom 11/515 deed granted fee simple title to the railroad

because  "Railway Deed" on its own did not indicate an intent to convey an easement, the

amount of consideration was substantial ($800), there was no "right of way" language in the

title or body of the deed, no limitation on the use of the land for railroad purposes only, no right

of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee.  The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I deeds the Easom 11/515 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Easom 11/515 deed conveyed a fee to the railroad.  The court disagrees. For the same reasons as explained in the courts analysis of the Batterson 12/163 deed in Category II, the use of "strip of land" and through in the Easom 11/515 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Easom 11/515 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.

### 3. McMillan 11/328 Deed

The **McMillan 11/328 deed (Def.'s Ex. 75)** provides in pertinent part:

Nillus McMillan and wife                    Railway Deed.
      to                                    No. 7181.
Pacific Railway and Navigation Co.

          KNOW ALL MEN BY THESE PRESENTS, That for and in consideration of the sum of Three Hundred & 00/100 DOLLARS , the

receipt whereof is hereby acknowledged, We, Nillus McMillan and Sarah McMillan, husband and wife, hereinafter called the grantors, do hereby bargain, sell[,] grant, convey and confirm to  PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property, situate in the County of Tillamook and State of Oregon, to-wit:

A strip of land Sixty [sic] (60) feet wide, being thirty (30) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through

Beginning at the mouth of a certain water ditch in Lot three of Section twenty Township two North of Range ten west, running hence in a South easterly direction following said ditch to its intersection with a small lake, thence out South across said lake to its South Bank, thence in an Easterly direction following the foot of the hill to the East line of said Lot three, thence North on said line to the Nehalem Riven, thence Southerly on line of ordinary high water mark to point of beginning, containing 10 acres more or less, all in Sec. 20, T. 2 N. R. 10 W. Also the north half of South East quarter and West half of North East quarter of Section 20, T. 2 N. R. 10 W. all being situated in Tillamook County, Oregon.

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

TO HAVE AND TO HOLD unto the above named grantee and unto its successors and assigns forever.  The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

The court found that the McMillan 11/328 deed granted fee simple title to the railroad because "Railway Deed" on its own did not indicate an intent to convey an easement, the amount of consideration was substantial ($300), there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee.  The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I deeds the McMillan 11/328 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the McMillan 11/328 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the courts analysis of the Batterson 12/163 deed in Category II, the use of "strip of land" and through in the McMillan 11/328 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the McMillan 11/328 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.

4. Ostrander 9/205 Deed

The **Ostrander 9/205 deed (Def.'s Ex. 80)** provides in pertinent part:

Chas. [sic] Ostrander and wife                    Railway Deed.
to                                                                 No. 5807.
Pacific Railway and Navigation Co.

> KNOW ALL MEN BY THESE PRESENTS, That for and in consideration of the sum of Five Hundred Fifty & 00/100 DOLLARS[,] the receipt whereof is hereby acknowledged, we, Charles R. Ostrander and Frances A. Ostrander, husband and wife, of Bay City, in the County of Tillamook and State of Oregon, hereinafter called the grantors, do hereby bargain, sell, grant, convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to

its successors and assigns forever, all of the following described real property, situate in the County of Tillamook and State of Oregon, to-wit:

A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the railway of the grantee <u>as the same is surveyed and located</u> through that certain tract of land described as follows: Beginning at the North East corner of Bar View Addition to Bay City, in Tillamock County, State of Oregon, and running thence East thirteen hundred (1300) feet, thence South to the South line of the Hiram Smith Donation Land Claim, thence West to the South East corner of a seven and one half acre tract formerly owned by Peter Morgan, thence North thirty seven rods more or less to a slough and being the North East corner of said seven and one half acre tract, thence following down said slough in a South Westerly direction to appoint which would be  in line with the Ease line of Bar View addition aforesaid, thence North to the place of beginning.

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

TO HAVE AND TO HOLD unto the above named grantee and unto its successors and assigns forever.

The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

The court found that the Ostrander 9/205 deed granted fee simple title to the railroad because "Railway Deed" on its own did not indicate an intent to convey an easement, the amount of consideration was substantial ($550), there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee. The court disagrees and finds for the same reasons as explained in the court's analysis of the

Category I deeds that the Ostrander 9/205 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Ostrander 9/205 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the courts analysis of the Batterson 12/163 deed in Category II, the use of "strip of land" and through in the Ostrander 9/205 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Ostrander 9/205 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.

### 5. Roy 11/516 Deed

The **Roy 11/516 deed (Def.'s Ex. 93)** provides in pertinent part:

> Felix Roy                                   Railway Deed.
> to                                          No. 7464.
> Pacific Railway and Navigation Co.
>       KNOWN ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of One Thousand & 00/100 DOLLARS, the receipt whereof is hereby acknowledged, I Felix Roy, a bachelor of Tillamook County, Oregon, hereinafter called the grantors, [sic] do hereby bargain, sell, grant, convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:
>       A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through Lot three of Section 36 Township 3 North of Range 9 West of W. M.  Lots two, three and thirteen of Section 31, Township 3 North of Range 9 West of W. M.  Also through a certain tract described as follows:- Beginning at the

meander post on the North bank of Nehalem River on the line between Section 31
Tp. 3 N. Range 9 West and Section 36 Tp. 3 North Range 10 West, running
thence North 30 rods, thence West 208 feet, thence South to Nehalem River,
thence in an Easterly direction following the North bank of Nehalem River to
place of beginning in Sec. 36 Tp. 3 N. R. 10 W. of W.M.

Together with the appurtenances, tenements and hereditaments thereunto
belonging or in anywise appertaining.

TO HAVE AND TO HOLD unto the above named grantee, and unto its
successors and assigns forever.

The grantors [sic] above named do covenant that they are seised of the
aforesaid premises in fee simple and that the same are free from all encumbrances,
and that they [sic] will warrant and defend the premises herein granted unto the
grantee aforesaid, and unto its successors and assigns against the lawful claims of
all persons whomsoever.

The court found that the Roy 11/516 deed granted fee simple title to the railroad because "Railway Deed" on its own did not indicate an intent to convey an easement, the amount of consideration was substantial ($1000), there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee. The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I deeds the Roy 11/516 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that Roy 11/516 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the courts analysis of the Batterson 12/163 deed in Category II, the use of "strip of land" and

38

through in the Roy 11/516 deed are not made in reference to any language limiting the use of

the land and thus do not indicate an intent by the original parties to convey an easement. Thus,

the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of

finding that the Roy 11/516 deed conveyed a fee was correct and therefore the plaintiffs' motion

for reconsideration is denied.

6. Schrader & Groat 11/354 Deed

The **Schrader & Groat 11/354 deed (Def.'s Ex. 98)** provides in pertinent part:

Paul Schrader et ux

& John Groat et ux                                   Railway Deed.
         to                                                No. 7235.
Pacific Railway and Navigation Co.
        KNOWN ALL MEN BY THESE PRESENTS, That for and in consideration of
Two Hundred & 00 DOLLARS, the receipt whereof is hereby acknowledged, we, Paul
Schrader and Lillie R. Schrader[,] husband and wife, and John Groat and Lillian A. Groat
, [sic] husband and wife, hereinafter called the grantors[,] do hereby bargain, sell, grant,
convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY,
hereinafter called the grantee[,] and to its successors and assigns forever, all of the
following described real property situate in the County of Tillamook and State of
Oregon, to-wit:
        A strip of land sixty feet wide being thirty feet on each side of the center line of
railway of the grantee <u>as the same is surveyed and located</u> through Lot one of Section
five, in Township One North of range ten West of Willamette Meridian, save and except
seven acres off the South[]and a strip of land twenty feet wide off the North end of said
Lot one.
        Together with the appurtenances, tenements and hereditaments thereunto
belonging or in anywise appertaining.
        TO HAVE AND TO HOLD unto the above named grantee, and unto its
successors and assigns forever.
        The grantors above named do covenant that they are seised of the aforesaid
premises in fee simple, and that the same are free from all encumbrances, and that they
will warrant and defend the premises herein granted unto the grantee aforesaid, and unto
its successors and assigns against the lawful claims of all persons whomsoever.

The court found that the Schrader & Groat 11/354 deed granted fee simple title to the

railroad because "Railway Deed" on its own did not indicate an intent to convey an easement,

the amount of consideration was substantial ($200), there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.  .

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee.  The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I deeds the Schrader & Groat 11/254 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Schrader & Groat 11/354 deed conveyed a fee to the railroad.  The court disagrees. For the same reasons as explained in the courts analysis of the Batterson 12/163 deed in Category II, the use of "strip of land" and through in the Schrader & Groat 11/354 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Schrader & Groat 11/354 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.

**C.   Category III: Deeds that conveyed a "strip of land" and used either "across", "through", "over" or "over and across" a grantor's land, without "right of way" language.**

With respect to the twenty-eight deeds in Category III, plaintiffs argue that under Oregon law, this court should have determined that deeds which contained the phrase "strip of land" and the words "through," "over," "on," or "across" convey an easement. These are the same arguments made for the deeds in Category II except that the Category II deeds were all entitled "Railway Deed". As explained in the court's analysis of the Category II deeds the phrase "strip of land" when not used in connection with limiting language does not indicate an intent by the original parties to convey an easement. Additionally, the court's analysis of the deeds use of the word through also applies to similar words offered by the plaintiffs including "over," "on," and "across". Applying these standards, the court will review each deed in Category III in turn for reconsideration.

     1. Beals 18/40 Deed

    The **Beals (Tr.) 18/40 deed (Def.'s Ex. 7)** provides in pertinent part:

F.R. Beals, Trustee
    to                                               11135    Railway Deed
Pacific Railway + Navigation Co

      Know All Men by These Presents: That for and in consideration of the sum of One and 00/100 Dollars, [sic] the receipt whereof is hereby acknowledged, F R. Beals, Trustee, hereinafter called the grantors, [sic] do [sic] bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to wit:

      A strip of land sixty (60) feet wide being thirty (30) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through Lot three of Section thirty two in Township two North of Range ten West of the Willamette Meridian.

      Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

      To have and to hold unto the above named grantee and unto its successors and assigns forever.

The court had found that the Beals 18/40 deed conveyed fee simple title even though the amount of consideration was nominal ($1) because there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee.  The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds that the Beals 18/40 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Beals 18/40 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Beals 18/40 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Beals 18/40 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[18]

---

[18] The plaintiffs also argue that because the deed provide only nominal consideration ($1) the court should have found an easement.  As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through

2. Bigelow 13/312 Deed

The **Bigelow 13/312 deed (Def.'s Ex. 9**) provides in pertinent part:

> Know All Men by These Presents: That for and in consideration of the sum of $1.00 to them in hand paid, the receipt whereof is hereby acknowledged, Mary M. Bigelow and Jay W. Bigelow, her husband, hereinafter called the grantors, do bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to wit:
>
> A strip of land 100 feet in width, being 50 feet on each side of and parallel with the center line of the grantee's railway as the same is surveyed, located and staked out through the Southeast quarter of the Southeast quarter of Section 32, in Township 3 North of Range 9 West of Willamette Meridian, and containing eighty-four hundredths of an acre[.]
>
> Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining
>
> To Have and to Hold to the grantee and to its successors and assigns forever.
>
> This deed is executed for the purpose of correcting an informality in a previous deed executed by the above named grantor, Mary M. Bigelow, without the joinder of her husband.

The court had found that the Bigelow 13/312 deed conveyed fee simple title even though the amount of consideration was nominal ($1) because there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use,  nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee.  The

---

conveyed a fee. As such, the court finds that the fact that the Beals 18/40 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

court disagrees and finds for the same reasons as explained in the court's analysis of the

Category I and II deeds that the Bigelow 13/312 deed describes the location of the land being

conveyed by the grantor with sufficient precision to conclude that the original parties intended

to convey a fee.

Next, plaintiffs argue that because the deed refers to the property as a "strip of land" and

describes it as passing through the land, the court incorrectly concluded that the Bigelow 13/312

deed conveyed a fee to the railroad.  The court disagrees. For the same reasons as explained in

the court's analysis of the Category II deeds, the use of "strip of land" and through in the

Bigelow 13/312 deed are not made in reference to any language limiting the use of the land and

thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds

that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that

the Bigelow 13/312 deed conveyed a fee was correct and therefore the plaintiffs' motion for

reconsideration is denied.[19]

### 3. Burgholzer 83/99 Deed

The **Burgholzer 83/99 deed (Def.'s Ex. 14)** provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That Joseph
> Burgholzer and Vina A. Burgholzer, his wife for and in consideration of
> the sum of One Dollar, to them in hand paid, the receipt whereof is
> hereby acknowledged, do hereby bargain, sell, grant, convey and confirm
> to Pacific Railway and Navigation Company, and[]to its successors and
> assigns forever, all of the following described real property situate in the
> County of Washington and State of Oregon, to-wit:
>
> A strip of land one hundred feet in width, being fifty feet on each
> side of and parallel with the center line of the track of the Pacific Railway

---

[19] The plaintiffs also argue that because the deed provide only nominal consideration ($1) the court should have found an easement.  As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Bigelow 13/312 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

and Navigation Company, as the same is surveyed and located through the East one half of the Northeast quarter of Section thirty (30) in Township three (3) North of Range four (4) West W. M.

Together with the tenements, hereditaments and appurtenances [,] thereunto belonging or in anywise appertaining.  TO HAVE[]AND TO HOLD to the said Pacific Railway and Navigation Company, and to its successors and assigns forever.

The aforesaid grantors Joseph Burgholzer and Vina A. Burgholzer do hereby covenant that they are the owners in fee simple of the aforesaid premises, and that they will forever warrant and defend the same unto the Pacific Railway and Navigation Company, its successors and assigns, against the lawful claims of all persons whomsoever.

The court had found that the Burgholzer 83/99 deed conveyed fee simple title even though the amount of consideration was nominal ($1) because there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's land.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee.  The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds that the Burgholzer 83/99 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Burgholzer 83/99 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as

explained in the court's analysis of the Category II deeds, the use of "strip of land" and through

in the Burgholzer 83/99 deed are not made in reference to any language limiting the use of the

land and thus do not indicate an intent by the original parties to convey an easement. Thus, the

court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of

finding that the Burgholzer 83/99 deed conveyed a fee was correct and therefore the plaintiffs'

motion for reconsideration is denied.[20]

### 4. Campbell 85/208

The **Campbell 85/208 deed (Def.'s Ex. 18)** provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That D. F. Campbell
> and Cecily C. Campbell, his wife, for and in consideration[]of the sum of
> One Dollar ($1.00), to them in hand paid, the receipt whereof is hereby
> acknowledged, do hereby bargain, sell, grant, convey and confirm to
> Pacific Railway and Navigation Company, and to its successors and
> assigns forever, all of the following described real property situate in the
> County of Washington and State of Oregon, to-wit: A strip of land one
> hundred feEt [sic] in width, being fifty feet on each side of and parallel
> with the center line of the track of the Pacific Railway and Navigation
> Company, as the same is now surverye d[]and [sic] located through the
> West half of the Northwest quarter of Section Thirty six (36) Township
> Three [sic] (3) North Range Five  West, containing 2.84 acres. Together
> with the tenements, hereditaments and appurtenances thereunto belonging
> or in anywise appertaining. TO HAVE AND TO HOLD to the sAid [sic]
> Pacific Railway and Navigation Company and to its successors and
> assigns forever. The aforesaid D. F. Campbell and Cecily C. Campbell,
> his wife, do hereby covenant that they are the owners in fee simple of the
> above granted premises, and that they will forever warrant and defend the
> same unto the Pacific Railway and Navigation Company, its successors
> and assigns, against the lawful claims of all persons whomsoever.

---

[20] The plaintiffs also argue that because the deed provides for only nominal consideration ($1) the court should have found
an easement.  As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated
that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through
conveyed a fee. As such, the court finds that the fact that the Burgholzer 83/99 deed contained only nominal consideration
does not change the court's conclusion that it conveyed a fee rather than an easement.

The court had found that the Campbell 85/208 deed conveyed fee simple title even though the amount of consideration was nominal ($1) because there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's land.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee. The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds that the Campbell 85/208 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Campbell 85/208 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Campbell 85/208 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of

finding that the Campbell 85/208 deed conveyed a fee was correct and therefore the plaintiffs'

motion for reconsideration is denied.[21]

> 5. Cook 15/83 Deed

The **Cook 15/83 deed (Def.'s Ex. 24)** pertains in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That Vincent Cook
> and Martha G. Cook, his wife, hereinafter called the grantors, in
> consideration of the sum of Ten ($10.00) Dollars, to them in hand paid,
> the receipt whereof is hereby acknowledged, and other valuable
> considerations moving to them, do * * * bargain, sell, grant, convey and
> confirm to Pacific Railway and Navigation Company, hereinafter called
> the grantee, and to its successors and assigns[]forever, <u>a one half interest
> in the following described real property</u> situate in the County of
> Tillamook and State of Oregon, to-wit:
>
> A strip of land one hundred (100) feet in width, being fifty (50)
> feet on each side of and parallel with the center line of the tract of the
> Pacific Railway and Navigation Company's railway as the same is now
> located, adopted, and constructed across the Northwest quarter[]of the
> Southwest quarter and the Southwest quarter of the Northwest quarter of
> Section eighteen (18) in Township one (1) South of Range nine (9) West
> of the Willamette Meridian, containing 5.07 acres,
>
> Together with the appurtenances, tenements and hereditaments
> thereunto belonging or in anywise appertaining,
>
> TO HAVE AND TO HOLD to the above named grantee and to its
> successors and assigns forever.

The court had found that the Cook 15/83 deed conveyed fee simple title because the

amount of consideration was substantial ($10), there was no "right of way" language in the title

or body of the deed, no limitation on the use of the land for railroad purposes only, no right of

---

[21] The plaintiffs also argue that because the deed provides for only nominal consideration ($1) the court should have found an easement.  As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee.  As such, the court finds that the fact that the Campbell 85/208 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee.  The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds that the Cook 15/183 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing across the land, the court incorrectly concluded that the Cook 15/83 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and across in the Cook 15/83 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Cook 15/83 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.

> 6.  Davidson 11/509 Deed

The **Davidson 11/509 deed (Def.'s Ex. 27)** provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of One and 00/100 Dollars, the receipt whereof is hereby acknowledged, we F. M. Davidson and Alvie Davidson, husband and wife[,] hereinafter called the grantors, do hereby bargain, sell, grant[,] convey and confirm to PACIFIC RAILWAY AND

NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:

A strip of land one hundred (100) Feet [sic] wide being fifty (50) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through <u>our undivided one third interest</u> in the North East quarter of North East quarter of Section thirteen Township one South of Range ten West of Willamette Meridian; also a strip of land six rods wide off of the North side of South East quarter of North East quarter of Section thirteen, Township one South of Range ten West of Willamette Meridian.

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

TO HAVE AND TO HOLD unto the above named grantee and unto its successors and assigns forever.

And * * * grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

The court had found that the Davidson 11/509 deed conveyed fee simple title even though the amount of consideration was nominal ($1) because there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use,  nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee.  The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds that the Davidson 11/509 deed describes the location of the land being

conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that Davidson 11/509 deed conveyed a fee to the railroad.  The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Davidson 11/509 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Davidson 11/509 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[22]

> 7. Galvani 77/37 Deed

The **Galvani 77/37 deed (Def.'s Ex. 39)** provides in pertinent part:

> THIS INDENTURE made this 11th day of April A. D. 1907, between W. H. Galvani, a single man[]of Portland, Multnomah, Oregon, party of the first part, and the Pacific Railway & Navigation Company, a Corporation, party of the second part[,] WITNESSETH:

> That the said party of the first part for and in consideration of the sum of $1 to him in hand paid by the party of the second part, the receipt of which is hereby acknowledged[,] has granted, bargained and sold, conveyed and confirmed and by these presents does grant, bargain, sell [sic] convey and confirm unto the said party of the second part and its successors and assigns, all that certain lot, piece, parcel and tract of land, lying, being and situate in Washington County, Oregon, and being a portion of the Southwest quarter of Section 30, T. 3 N. R. 4 W. of the Will. Mer., being a strip of land 100 feet wide, being 50 feet on each side

---

[22] The plaintiffs also argue that because the deed provides for only nominal consideration ($1) the court should have found an easement.  As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Davidson 11/509 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

of the center line of the Pacific Railway & Navigation Company's railway as now surveyed, located and adopted across <u>said lands</u>, said center line being described as follows,[]to-wit

* * * [Description] * * * and containing 11.31 acres, reserving grade farm crossings at two points to be selected by the party of the first part.

Together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining and the reversion and reversions, remainder and remainders, rents, issues and profits thereof.

TO HAVE AND TO HOLD all and singular, the said premises, together with the appurtenances unto the said party of the second part and unto its successors and assigns forever. And the party of the first part does hereby covenant to and with the party of the second part, its successors and assigns, forever, that the party of the first part is the owner in fee simple of the tract of land hereinbefore described; That [sic] said tract of land is free from all incumbrances and that the party of the first part shall warrant and forever defend said tract of land against the lawful claims and demands of all persons whomsoever.

The court had found that the Galvani 77/37 deed conveyed fee simple title even though the amount of consideration was nominal ($1) and the grantor reserved the right to two farm crossings because there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, and no right of reverter if the railroad discontinued railroad use.

Plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as across the land, the court incorrectly concluded that the Galvani 77/37 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and across in the Galvani 77/37 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its

original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the

Galvani 77/37 deed conveyed a fee was correct and therefore the plaintiffs' motion for

reconsideration is denied.[23]

### 8. Goodspeed 9/200 Deed

The **Goodspeed 9/200 deed (Def.'s Ex. 42)** and provides in pertinent part:

> K D. R. Goodspeed and wife             RAILWAY DEED.
> to                                                       NO. 5802.
> Pacific Railway and Navigation Co.
>
> KNOWN ALL MEN BY THESE PRESENTS:  That for and in consideration of the sum of One & 00/100 DOLLARS[,] the receipt whereof is hereby acknowledged, We, [sic] D. E. Goodspeed and M. J. Goodspeed, husband and wife, of Tillamook County, Oregon, hereinafter called the grantors, do hereby bargain, sell, grant, convey and confirm to Pacific RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit; [sic]
>
> A strip of land one hundred (100) feet wide being fifty (50) feet on each side of the center line of the railway of the grantee as the same is now surveyed and located through
>
> The [sic] South East quarter of the North East quarter of Section thirteen in Township one South of Range ten West of Willamette Meridian[.]
>
> Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.
>
> TO HAVE AND TO HOLD unto the above named grantee, and unto its successors and assigns forever.
>
> The grantors above named do covenant that they are seised of the aforesaid premises in fee simple and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

The court had found that the Goodspeed 9/200 deed conveyed fee simple title

even though the amount of consideration was nominal ($1) because there was no "right

---

[23] The plaintiffs also argue that because the deed provides for only nominal consideration ($1) the court should have found an easement.  As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Galvani 77/37 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee. The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds that the Goodspeed 9/200 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Goodspeed 9/200 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Goodspeed 9/200 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Goodspeed 9/200 deed conveyed a fee was correct and therefore the plaintiff's motion for reconsideration is denied.[24]

---

[24] The plaintiffs also argue that because the deed provides for only nominal consideration ($1) the court should have found an easement. As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Goodspeed 9/200 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

9. Hagen 75/279 Deed

The **Hagen 75/279 deed (Def.'s Ex. 44)** provides in pertinent part:

> THIS INDENTURE, made this 22 day of April, 1907, between Bridget Hagen ( a [sic] single woman) of Portland Multnomah County, Oregon, party of the first part, and the Pacific Railway & Navigation Company, a Corporation, party of the second part, WITNESSETH:
>
> That the said party[]of the first part, for and in consideration of the sum of One Dollar ($1) and other good and valuable considerations, to her in hand paid by the party of the second part, the receipt of which is hereby acknowledged, h[]ave [sic] granted, bargained and sold, conveyed and confirmed, and by these presents do grant, bargain and sell, convey and confirm unto the said party of the second part, and its successors and assigns, all that certain lot, piece, parcel and tract of land, lying, being and situate in Washington County,[]Oregon, to-wit:
> Being a portion of Section 30, T. 3 N. R. 4 W. of the Will. Mer. described as follows:
> A strip of land 100 feet wide being 50 feet on each side of the center line of the Pacific Railway and Navigation Company's railway, <u>as surveyed, located and adopted</u> across <u>said lands</u>, said center line being described as follows:
>
> * * * [Description] * * *
>
> Together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders[,] rents, issues and profits thereof.
>
> TO HAVE AND TO HOLD, all and singular, the said premises together with the appurtenances unto the said party of the[]second part and unto its successors and assigns forever. And the party of the first part does hereby covenant to and with the party of the second part, its successors and assigns forever, that the party of the first part is the owner in fee simple of the tract of land hereinbefore described; that said tract of land is free from all incumbrances and that the party of the first part shall warrant and forever defend said tract of land against the lawful claims and demands of all persons whomsoever.

The court had found that the Hagen 75/279 deed conveyed fee simple title even though the amount of consideration was nominal ($1) because there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no

right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing across the land, the court incorrectly concluded that the Hagen 75/279 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and across in the Hagen 75/279 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Hagen 75/279 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[25]

10. The Hamblin 85/284 Deed

The **Hamblin 85/284 deed (Def.'s Ex. 45)** provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That J.M. Hamblin, an unmarried man for and in consideration of the[]sum of One Dollars, to him in hand[]paid, the receipt whereof is hereby acknowledged[,] does bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company and to its successors and assigns forever, all of the following described real property situate in the County of Washington and State of Oregon, to-wit: A strip of land one hundred feet in width, being fifty feet on each side of and parallel with the center line of the track of the Pacific Railway and[]NavigaTion [sic] Company, as the same is surveyed and located through the Northwest quarter of the Northeast quarter of Section thirty two (32) Township Three(3) [sic] North range [sic] five (5) West Willamette Meridian.

---

[25] The plaintiffs also argue that because the deed provides for only nominal consideration ($1) the court should have found an easement. As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Hagen 75/279 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

> Together with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

> TO HAVE AND TO HOLD to the said Pacific Railway and Navigation Company, and to successors and assigns forever.

> The aforesaid grantor J. M. Hamblin does hereby covenant that he is the owner in fee simple of[]the above granted premises, and that he will forever warrant and defend the same unto the Pacific Railway and Navigation Company, its successors and assigns, against the lawful claims of all parties whomsoever.

The court had found that the Hamblin 85/284 deed conveyed fee simple title even though the amount of consideration was nominal ($1) because there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee. The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds that the Hamblin 85/284 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Hamblin 85/284 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Hamblin 85/284 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds

that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Hamblin 85/284 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[26]

### 11. Haugen 9/204 Deed

The **Haugen 9/204 deed (Def.'s Ex. 54)** provides in pertinent part:

Thore [sic] Hagen.                          RAILWAY DEED.
to                                          NO. 5806.
Pacific Railway and Navigation Co.

KNOWN ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of One & 00/100 DOLLARS[,] the receipt whereof is hereby acknowledged, we, Thore [sic] Hagen and Evia Jane Hagen, husband and wife, of Tillamook County, Oregon, hereinafter called the grantors, do hereby bargain, sell, grant, convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:

A strip of land one hundred (100) feet wide being fifty (50) feet on each side of the center line of the railway of the grantee, as the same is surveyed and located through the following described tract, to-wit:

* * * [Describing the tract through which the strip being conveyed runs] * * *

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

TO HAVE AND TO HOLD unto the above named grantee, and unto its successors and assigns forever.

The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

---

[26] The plaintiffs also argue that because the deed provides for only nominal consideration ($1) the court should have found an easement.  As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Hamblin 85/284 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

The court had found that the Haugen 9/204 deed conveyed fee simple title even though the amount of consideration was nominal ($1) because there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee. The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds that the Haugen 9/204 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Haugen 9/204 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Haugen 9/204 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Haugen 9/204 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[27]

---

[27] The plaintiffs also argue that because the deed provides for only nominal consideration ($1) the court should have found an easement. As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through

12. The Jeffries 85/70 Deed

The **Jeffries 85/70 deed (Def.'s Ex. 59)** provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That Minnie Jeffries and George H.[]Jeffries her husband for and in consideration of the sum of One Dollar to them in hand paid, the receipt whereof is hereby acknowledged, do hereby bargain, sell[,] grant, convey and confirm to Pacific Railway and Navigation Company, and to its successors and assigns forever, all of the following described real property situate in the County of Washington and State of Oregon, to-wit: A strip of land one hundred feet in width, being fifty feet on each side of and parallel with the center line of the track of the Pacific Railway and Navigation Company, as the same is surveyed and located through the North half of the Northwest quarter of Section Thirty (30) Township three (3) North, Range Four (4) West of W.M.

> Together with the tenements, hereditaments and appurtenances, thereunto belonging or in anywise appertaining.  TO HAVE AND TO HOLD to the said Pacific Railway and Navigation Company, and to its successors and assigns forever.

> The aforesaid grantors Minnie Jeffries and George H. Jeffries do hereby covenant that they are the owners in fee simple of the above granted premises, and that they will forever warrant and defend the same unto the Pacific Railway and[]Navigation Company, its successors and assigns, against the lawful claims of all persons whomsoever.

The court had found that the Jeffries 85/70 deed conveyed fee simple title even though the amount of consideration was nominal ($1) because there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee.  The

---

conveyed a fee. As such, the court finds that the fact that the Haugen 9/204 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds that the Jeffries 85/70 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Jeffries 85/70 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Jeffries 85/70 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Jeffries 85/70 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[28]

### 13. Maroney 11/513 Deed

The **Maroney 11/513 deed (Def.'s Ex. 73)** provides in pertinent part:

Matt Maroney                                     RAILWAY DEED.
to                                               NO. 7461
Pacific Railway and Navigation Co.
        KNOWN ALL MEN BY THESE PRESENTS: That for and in
consideration of the sum of One & 00/100 DOLLARS, [sic] the receipt whereof is
hereby acknowledged, I Matt Maroney, unmarried, of Garibaldi, in Tillamook
County, Oregon, hereinafter called the grantors, [sic] do hereby bargain, sell,
grant, convey and confirm to PACIFIC RAILWAY AND NAVIGATION
COMPANY, hereinafter called the grantee, and to its successors and assigns

---

[28] The plaintiffs also argue that because the deed provides for only nominal consideration ($1) the court should have found an easement. As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Jeffries 85/70 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement

forever, all of the following described real property situate in the County of
Tillamook and State of Oregon, to-wit:

A strip of land sixty (60) feet wide being thirty (30) feet on each side of the
center line of the railway of the grantee as the same is surveyed and located
through Lot three (3) of Section twenty nine , [sic] in Township two North of
Range ten West of the Willamette Meridian.
Together with the appurtenances, tenements and hereditaments thereunto
belonging or in anywise appertaining.

TO HAVE AND TO HOLD unto the above named grantee and unto its
successors and assigns forever. The grantors [sic] above named do covenant that
they are seised of the aforesaid premises in fee simple, and that the same are free
from all encumbrances, and that they will warrant and defend the premises herein
granted unto the grantee aforesaid, and unto its successors and assigns against the
lawful claims of all persons whomsoever.

The court had found that the Maroney 11/513 deed conveyed fee simple title even though

the amount of consideration was nominal ($1) because there was no "right of way" language in

the title or body of the deed, no limitation on the use of the land for railroad purposes only, no

right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to

build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise

and thus this court should have found that the deed conveyed an easement and not a fee.  The

court disagrees and finds for the same reasons as explained in the court's analysis of the

Category I and II deeds that the Maroney 11/523 deed describes the location of the land being

conveyed by the grantor with sufficient precision to conclude that the original parties intended

to convey a fee.

Next, plaintiffs argue that because the deed refers to the property as a "strip of land" and

describes it as passing through the land, the court incorrectly concluded that the Maroney

11/513 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as

explained in the court's analysis of the Category II deeds, the use of "strip of land" and through

in the Maroney 11/513 deed are not made in reference to any language limiting the use of the

land and thus do not indicate an intent by the original parties to convey an easement. Thus, the

court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of

finding that the Maroney 11/513 deed conveyed a fee was correct and therefore the plaintiffs'

motion for reconsideration is denied.[29]

### 14. Noland 74/108 Deed

The **Noland 74/108 deed (Def.'s Ex. 79)** provides in pertinent part:

Know all Men by these Presents, *That*

Mrs Lena Noland

of   Portland   xxxxxxxx   *State of Oregon, in consideration of*
Seventy nine and twenty, one Hundredths ($79.20/100)   DOLLARS,
*to*   me   *paid by*   Pacific Railway and Navigation Company
*of*   Portland   xxxxxx   *State of Oreg*on, * * *
* * * * * *has bargained and sold, and by these presents does grant, bargain, sell
and convey unto said*
Pacific Railway Navigation Company[,] is [sic] successors
* * * *and assigns, all the following bounded and described real property, situated
in the County of Washington and State of Oregon:*
A strip of land 100 feet wide being 50 feet on each side of the center line of the
Pacific Railway and Navigation Company's Railway, <u>as surveyed, located and
adopted</u> across the south 1/2 of N W $\frac{1}{4}$ of Sec. 30. [sic] T [sic] 3 N. R. 4 W- [sic]
W. M. said center line being described as follows: * * *[Description] * * * and
containing 7.89 acres.
*Together with all and singular the tenements, hereditaments and appurtenances
thereto belonging or in anywise appertaining and also all*
her   estate, right, title and interest in and to the same, including dower
and claim of dower.
    *TO HAVE AND TO HOLD the above described and granted premises unto the
said*
        PACIFIC RAILWAY AND NAVIGATION COMPANY[,]   its
successors   * * * *and assigns forever. And*

---

[29] The plaintiffs also argue that because the deed provides for only nominal consideration ($1) the court should have found an easement.  As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Maroney 11/513 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

> Mrs. Lena Noland[,]
> *grantor above named do* es [sic] *covenant to and with* Pacific Railway and Navigation Company
> *the above named grantee*[,] is [sic] successors *and assigns that* she is lawfully seized  *in fee simple of the above granted premises, that they are free from all incumbrances*
> * * * * [Blank Space] * * *
> *and that* she  *will and*  her  *heirs, executors and administrators shall warrant and forever defend the above granted premises, and ever part and parcel thereof, against the lawful claims and demands of all persons whomsoever.* (italics in original).

The court had found that the Noland 74/108 deed conveyed fee simple title because the consideration was substantial ($79.20), there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest

Plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing across the land, the court incorrectly concluded that the Noland 74/108 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and across in the Noland 74/108 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Noland 74/108 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.

### 15. Petrzilka 72/203 Deed

The **Petrzilka 72/203 deed (Def.'s Ex. 83)** provides in pertinent part:

THIS INDENTURE, made this 1st day of August 1906, between Frank Petrzilka and Mary Petrzilka, his wife, of Washington County, parties of the dirst [sic] part, and the PACIFIC RAILWAY & NAVIGATION COMPANY, a Corporation, party of the second part, WITNESSETH:

That the said parties of the first part, for and in consideration of the sum of One Hundred Dollars ($100) to them in hand paid by the party of the second part, the receipt of which is hereby acknowledged, have granted, bargained and sold, conveyed and confirmed and by these presents do grant, bargain and sell, convey and confirm unto the said party of the second part, and its successors and assigns,[]forever, all that certain Lot, [sic] piece, parcel and track of land, lying, being and situate in Washington County, Oregon, and particularly described as follows, to-wit:- A strip of land 80 feet wide, being 40 feet on each side of the center line of the PACIFIC RAILWAY & NAVIGATION COMPANY'S railway as now surveyed, located, and established across the following described lands,:

The North West quarter of the North West Quar ter [sic] of Section 4 T.2.N.R.4 W. of the Will.Mer. [sic]

and also the following described tract of land, to-wit;-Beginning at the south [sic] West corner of Section 33, T.3.N.R.4.W. and running thence East 14 rods; thence Northwesterly 42 rods to a point 4 rods East of the west line of said section [sic] 33; thence Northeasterly 42 rods to a point 14 rods East of the west line of said Section 33,;[]thence [sic] West 14 rods; thence South 80 rods to the place of beginning, said strip of land containing 4.31 acres.

Together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents,[]issues and profits thereof.

TO HAVE AND TO HOLD all and singular the said premises together with the appurtenances, unto the said party of the second part and unto its successors and assigns forever. And the said parties of the first part, for themselves, their heirs, executors and administrators do covenant to and with the party of the second part, its successors and assigns forever, that the parties of the first part are the owners in fee simple of the above described and granted premises; That [sic] said premises and t he [sic] whole thereof are fee from all incumbrances, and that said parties of the first part, their heirs, executors and administrators shall warrant and forever defend said premises and the whole thereof against the lawful claims and demands of all persons whomsoever.

The court had found that the Petrzilka 72/203 deed conveyed fee simple because the consideration was substantial ($100), there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's land.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee. The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds that the Petrzilka 72/203 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing across the land, the court incorrectly concluded that the Petrzilka 72/203 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and across in the Petrzilka 72/203 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Petrzilka 72/203 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.

16. Rockaway Beach 12/342 Deed

The **Rockaway Beach 12/342 deed (Def.'s Ex. 91)** provides in pertinent part:

KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of One & 00/100 DOLLARS, the receipt whereof is hereby acknowledged, Rockaway Beach Company, a Corporation organized and existing under the laws of the State of Oregon and First Bank Trust Company, a corporation organized and existing under the laws of the State of Oregon, hereinafter called the grantors, [sic] do hereby bargain, sell, grant, convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:

A strip of land sixty (60) feet wide being thirty (30) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through

Lot four of Section thirty two in Township two North of Range ten West and a strip of land twenty feet wide off the North end of Lot one of Section five, Township One North of Range two West of Willamette Meridian.

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

TO HAVE AND TO HOLD unto the above named grantee, and unto its successors and assigns forever.

The grantors [sic] above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all incumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

The court had found that the Rockaway Beach 12/342 deed conveyed fee simple title even though the amount of consideration was nominal ($1) because there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee. The

court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds the Rockaway Beach 12/342 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Rockaway Beach 12/342 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Rockaway Beach 12/342 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Rockaway Beach 12/342 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[30]

### 17. Rupp 13/245 Deed

The **Rupp 13/245 deed (Def.'s Ex. 94)** provides in pertinent part:

> Know all Men by These Presents: That for and in consideration of the sum of Ten Dollars ($10.00), the receipt whereof is hereby acknowledged, and other valuable considerations moving to them, John J. Rupp and Betty N. Rupp, of Saginaw, Michigan, hereinafter called the grantor, does bargain, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, a strip of land one hundred (100) feet in width, being fifty (50) feet on each side of the center line of the railway of the grantee, as the same is surveyed and located through the following described real property, situate in the

---

[30] The plaintiffs also argue that because the deed provide only nominal consideration ($1) the court should have found an easement. As explained in the footnote in the court's discussion of the DuBois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Rockaway Beach 12/342 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

County of Tillamook and State of Oregon, to wit:

The South Half of the Southeast quarter (S1/2, SE1/4) and Lots Four (4), Five (5), Six (6), Eight (8), and Nine (9) of Section Ten (10), Township Three (3) Norht Range Eight (8) West, Willamette Meridian.

Together with the appurtenances, tenements and hereditaments thereunto belonging, or in anywise appertaining.

To Have and to Hold to the grantee and to its successors and assigns forever.

The grantors covenant with the grantee that they will warrant and defend the premises herby granted against the lawful claims and demands of all persons whomsoever claiming the same by, through or under the grantor. [sic]

The court had found that the Rupp 13/245 deed conveyed fee simple title because the amount of consideration was substantial ($10), there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee. The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds the Rupp 13/245 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Rupp 13/245 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through

in the Rupp 13/245 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Rupp 13/245 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.

18. The Stanley 11/113 Deed

The **Stanley 11/113 deed (Def.'s Ex. 104)** provides in pertinent part:

F. S; [sic] Stanley et al                                    Railway Deed.
to                                                                    NO. 6844.
Pacific Railway and Navigation Co.

KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of One DOLLARS, [sic] the receipt whereof is hereby acknowledged, F. S. Stanley and Ruth M. Stanley, his wife, Robert Smith, a single man; W. D. Wheelwright, a single man; - [sic] E. E. Lytle and Lizzie M Lytle, his wife, and May Enright, a single woman, hereinafter called the grantors, do herby bargain, sell, grant, convey and confirm, to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property, situate in the County of Tillamook and State of Oregon, to-wit:

A strip of land one hundred (100) feet wide, being fifty (50) feet on each side of the center line of the railway of the grantee, as the same is surveyed and located through the East half of the South East [sic] quarter of Section Twenty [sic] (20) in Township Three [sic] (3) North, [sic] of Range Seven [sic] (7) West, W. M.

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

TO HAVE AND TO HOLD unto the above named grantee and unto its successors and assigns forever.

The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

70

The court had found that the Stanley 11/113 deed conveyed fee simple title even though the amount of consideration was nominal ($1) because there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee.  The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds that the Stanley 11/113 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Stanley 11/113 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Stanley 11/113 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Stanley 11/113 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[31]

---

[31] The plaintiffs also argue that because the deed provides for only nominal consideration ($1) the court should have found an easement.  As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through

19. Thayer 11/355

The **Thayer 11/355 deed (Def.'s Ex. 107)** provides in pertinent part:

Claude Thayer and wife                          Railway Deed.
to                                            No. 7236.
Pacific Railway and Navigation Co.

KNOW ALL MEN By [sic] THESE PRESENTS; That for and in consideration of the sum of One & 00 DOLLARS, the receipt whereof is hereby acknowledged, we, Claude Thayer and Estelle Thayer, husband and wife, hereinafter called the grantors, do hereby bargain, sell, grant, convey and confirm to PACIFIC RAILWAy [sic] AND NAVIGATION COMPANy, [sic] hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:

A strip of land one hundred (100 ) [sic] feet wide being fifty (50) feet on each side of the center line of the railway of the grantee as the same is now surveyed and located through; [sic]

Tide Land fronting and abutting on Lot 1 of Sec. 21, T. 1 N. R. 10 W. except Town of Garibaldi.

Also beginning at a point at ordinary high water line South 84º West 24 links dist. from the meander corner between Sections 20 and 21, T. 1 N. R. 10 W. thence South 65º East on ordinary high water line 3.21 chains, thence North 17.89 chains, thence West 2.91 chains, thence South 16.53 chains to point of beginning.

Also through an underlined one half interest in the following tracts;-

Beginning at a point on ordinary high water line 34 links South and 320 links West of the meander corner between Sections 20 and 21 T. 3 N. R. 10 W. thence N. 84º East 3.02 chains on ordinary high water line, thence North 16.53 chains, thence West 3.00 chains, thence South 16.84 chains to place of beginning;  also through an undivided one half interest in Lots 5, 6, 7, and 8 in Block 3 and Lots 4, [sic] and 5 in Block 4, all in the Town of Garibaldi.

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

TO HAVE AND TO HOLD unto the above named grantee and unto its successors and assigns forever.

The grantors above named do covenant that they are seised of the

_____

conveyed a fee. As such, the court finds that the fact that the Stanley 11/113 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

aforesaid premises in fee simple, and that the same are free from all
en[c]umbrances, and that they will warrant and defend the premises
herein granted unto the grantee aforesaid, and unto its successors and
assigns against the lawful claims of all persons whomsoever.

The court had found that the Thayer 11/355 deed conveyed fee simple title even though the amount of consideration was nominal ($1) because there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee. The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds that the Thayer 11/355 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Thayer 11/355 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Thayer 11/355 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding

that the Thayer 11/355 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[32]

> 20.    The Thayer 18/39 Deed

The **Thayer 18/39 deed (Def.'s Ex. 108)** is entitled "1134 Railway Deed" and provides in pertinent part:

> Know All Men by These Presents: That for and in consideration of the sum of One & 00/100 Dollars, the receipt whereof is hereby acknowledged, We, Claude Thayer and Estelle Thayer[,] husband and wife, of Tillamook, Oregon, hereinafter called the grantors, do hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:
>
> A strip of land one hundred(100) [sic] feet wide being fifty (50) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through Lot eight of Section twenty two, in Township one North of Range ten West of Willamette Meridian, save and except a certain one acre tract heretofore conveyed out of said Lot eight;
>
> Also through the tide lands fronting and abutting upon Lots seven and eight in said Section twenty two, in Township one North of Range ten West of Willamette Meridian.
>
> Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.
>
> To have and to hold unto the above named grantee and unto its successors and assigns forever.
>
> The grantors above named do covenant that they are seized of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

---

[32] The plaintiffs also argue that because the deed provides for only nominal consideration ($1) the court should have found an easement.  As explained in the footnote in the court's discussion of the DuBois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Thayer 11/355 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

The court had found that the Thayer 18/39 deed conveyed fee simple title even though the amount of consideration was nominal ($1) because there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee. The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds that the Thayer 18/39 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Thayer 18/39 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Thayer 18/39 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Thayer 18/39 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[33]

---

[33] The plaintiffs also argue that because the deed provides for only nominal consideration ($1) the court should have found an easement. As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through

21. Watt 12/343 Deed

The **Watt 12/343 deed (Def.'s Ex. 116)** is entitled "No. 8225. Railway Deed." and

provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of One and 00/100 DOLLARS , [sic] The [sic] receipt whereof is hereby acknowledged, we, George Watt and Helen Watt, his wife[,] and Robert Watt and Lois A. Watt, his wife, hereinafter called the grantors, do bargain, sell, grant, convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and * * * to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:
>
> A strip of land sixty (60) feet wide being thirty (30) feet on each side of the center line of the railway o f [sic] the grantee as the same is surveyed and located through Lots One, two and three of Section Seven and Lot one of Section eight, all in Township One  North of Range ten Wes t [sic] of Willamette Meridian.
>
> Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.
>
> TO HAVE AND TO HOLD unto the above named grantee, and unto its successors and assigns forever.
>
> The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

The court had found that the Watt 12/343 deed conveyed fee simple title even though the

amount of consideration was nominal ($1) because there was no "right of way" language in the

title or body of the deed, no limitation on the use of the land for railroad purposes only, no right

of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build

structures such as crossings, cattle guards, or fences to protect the grantor's interest.

---

conveyed a fee. As such, the court finds that the fact that the Thayer 18/39 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee.  The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds the Watt 12/343 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Watt 12/343 deed conveyed a fee to the railroad.  The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Watt 12/343 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Watt 12/343 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[34]

22. The Watt 12/344 Deed

The **Watt 12/344 deed (Def.'s Ex. 117)** is entitled "No. 8226. Railway Deed." and provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of One and 00/100 DOLLARS, the receipt whereof is hereby acknowledged, we, George Watt and Helen Watt,

---

[34] The plaintiffs also argue that because the deed provides for only nominal consideration ($1) the court should have found an easement.  As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Watt 12/343 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

husband and wife, hereinafter called the grantors, do bargain, sell, grant, convey and confir, [sic] to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:

A strip of land one hundred (100) feet wide being fifty (50) feet on each side * * * of the center line of the railway of the grantee as the same in [sic] surveyed and located through Lot one of Section nine and also through the tide land fronting and abutting upon Lots One [sic] and Four [sic] of said Section nine;  also through Lot one of Section sixteen and the tide fronting and abutting upon said Lot one of Section sixteen, all in Township two North of Range ten West of Willamette Meridian.  Save and except a tract 105 feet by 210 feet in Lot 1 of Section 9, Township 2 North Range 10 West reserved by G. M. Lock.

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

TO HAVE AND TO HOLD unto the above named grantee, and unto its successors and assigns forever.

The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and[]unto its successors and assigns against the lawful claims of all persons whomsoever.

The court had found that the Watt 12/344 deed conveyed fee simple title even though the amount of consideration was nominal ($1) because there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee.  The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds the Watt 12/344 deed describes the location of the land being conveyed

by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Watt 12/344 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Watt 12/344 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Watt 12/344 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[35]

### 23. The Watt 12/345 Deed

The **Watt 12/345 deed (Def.'s Ex. 118)** is entitled "No. 8227. Railway Deed." and provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of One and 00/100 DOLLARS, the receipt whereof is hereby acknowledged, we, John Watt and Sarah M. Watt[,] husband and wife, hereinafter called the grantors, do bargain, sell, grant, convey and confirm [sic] to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:
>
> A strip of land one hundred (100) feet wide being fifty (50) feet on each side of the center line of the railway of the grantee as the same in [sic] surveyed and located through Lots two, three and four of Section nine, in Township two

---

[35] The plaintiffs also argue that because the deed provides for only nominal consideration ($1) the court should have found an easement. As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Watt 12/344 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

North of Range ten West of Willamette Meridian[.]

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

TO HAVE AND TO HOLD unto the above named grantee, and unto its successors and assigns forever.

The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and[]unto its successors and assigns against the lawful claims of all persons whomsoever.

The court had found that the Watt 12/345 deed conveyed fee simple title even though the amount of consideration was nominal ($1) because there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee. The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds that the Watt 12/345 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Watt 12/345 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Watt 12/345 deed are not made in reference to any language limiting the use of the land

and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Watt 12/345 deed conveyed a fee as correct and therefore the plaintiffs' motion for reconsideration is denied.[36]

      24. Westinghouse 85/39 Deed

The **Westinghouse 85/39 deed (Def.'s Ex. 121)** provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That I, John F. Westinghouse, a single man[,] for and in consi deration [sic] of the sum of One Dollars, [sic] to me in hand paid, the receipt whereof is hereby acknowledged, do hereby bargain, sell, grant,[]convey and confirm to Pacific Railway and Navigation Company, and to its successors and assigns forever, all of the following described real property situate in the County of Washington and State of Oregon, to-wit:
>
> A strip of land one hundred (100) feet in width, being fifty (50) feet on each side of and parallel with the center line of the track of the Pacific Railway and Navigation Company, as the same is surveyed and located through a strip of land more particularly described as the West one half of Southwest one quarter and the Southwest one quarter of Northwest one quarter of Northwest one quarter [of] Sec.[]26, T 3 N. R. 5 W., Willamette Meridian and containing four and forty two hundredths (4.42) acres more or less. Together with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.
>
> TO HAVE AND TO HOLD to the said Pacific Railway and Navigation Company, and to its successors and assigns forever.
>
> The aforesaid grantor John F. Westinghouse does hereby he is the owner in fee simple of the ab[o]ve grante[d] premises, and that he will forever qarrant [sic] and defend the same unto the Pacific Railway and Navigation Company, its successors and assigns against the lawful claims of all persons whomsoever.

---

[36] The plaintiffs also argue that because the deed provides for only nominal consideration ($1) the court should have found an easement. As explained in the footnote in the court's discussion of the DuBois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Watt 12/345 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

The court had found that the Westinghouse 85/39 deed conveyed fee simple title even though the amount of consideration was nominal ($1) because there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee.  The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds the Westinghouse 85/39 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Westinghouse 85/39 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Westinghouse 85/39 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Westinghouse 85/39 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[37]

---

[37] The plaintiffs also argue that because the deed provides for only nominal consideration ($1) the court should have found an easement.  As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated

25. Williams 6/607 Deed

The **Williams 6/607 deed (Def.'s Ex. 125)** provides in pertinent part:

George H. Willaims et ux          RAILWAY DED
      -to-                        No. 4113.
P. R. and N. Co.

      KNOW ALL MEN BY THESE PRESENTS, That for and in consideration of the sum of Ten 00/100 DOLLARS[,] the receipt whereof is hereby acknowledged, and other valuable consideration moving to them[,] George H. Williams and Bessie Williams, his wife,, hereinafter called the grantors, do hereby bargain, sell, grant, convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to wit:

      A strip of land one hundred (100) feet wide being fifty (50) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through Lots Three, [sic] Four, [sic] Five [sic] and Six [sic] of Block Eleven [sic] in Cone and McCoy's Addition to Bay City, according to the plat thereof of record in Tillamook County, Oregon.

      Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

      TO HAVE AND TO HOLD unto the above named grantee and unto its successors and assigns forever.

      The grantors above named do covenant that they are seized of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

The court had found that the Williams 6/607 deed conveyed fee simple title because the amount of consideration was substantial ($10), there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of

---

that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Westinghouse 85/39 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee.  The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds the Williams 6/607 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Williams 6/607 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Williams 6/607 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Williams 6/607 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[38]

26. Wilson 75/244 Deed

The **Wilson 75/244 deed (Def.'s Ex. 126)** provides in pertinent part:

KNOW ALL MEN BY THESE PRESENTS: That we Brice

---

[38] The plaintiffs also argue that because the deed provides for only nominal consideration ($10) the court should have found an easement.  As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Williams 6/607 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

Wilson and Sarah E. Wilson[,] husband and wife, for and in consideration of the sum[]of One Dollars, [sic] to them in hand paid, the receipt whereof is hereby acknowledged, do hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, and to its successors and assigns forever, all of the following described real property situate, in the County of Washington and State of Oregon, to-wit:

A strip of land one Hundred [sic] feet in width, being fifty feet on each side of and parallel with the center line of the track of the Pacific Railway and Navigation Company, as the same is surveyed and located through the East half of the Northeast quarter of Section twenty eight (28) in Township three (3) North Range five (5) West of the Willamette Meridian.

The said center line enters said land about 1185 feet south of the Northeast corner and runs southwesterly across the same to a point about 105 feet west of the South east [sic] corner thereof.

Together with the tenements, hereditaments and appurtenances, thereunto belon[g]ing or in anywise appertaining.

TO HAVE AND TO HOLD to the said Pacific Railway and Navigation Company, and to its successors and assigns forever.

The aforesaid Brice Wilson and Sarah E. Wilson do hereby covenant that they are the owners in fee simple of the above granted premises, and that they will forever warrant and defend the same unto the Pacific Railway Company, its successors and assigns, against the lawful claims of all persons whomsoever.

The court had found that the Wilson 75/244 deed conveyed fee simple title even though the amount of consideration was nominal ($1) because there was no "right of way" language in the title or body of the deed, no limitation on the use of the land for railroad purposes only, no right of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee. The court disagrees and finds for the same reasons as explained in the court's analysis of the

Category I and II deeds the Wilson 75/244 deed describes the location of the land being

conveyed by the grantor with sufficient precision to conclude that the original parties intended

to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land"

and describes it as passing through the land, the court incorrectly concluded that the Wilson

75/244 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as

explained in the court's analysis of the Category II deeds, the use of "strip of land" and through

in the Wilson 75/244 deed are not made in reference to any language limiting the use of the land

and thus do not indicate an intent by the original parties to convey an easement. Thus, the court

finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding

that the Wilson 75/244 deed conveyed a fee esd correct and therefore the plaintiffs' motion for

reconsideration is denied.[39]

### 27. Woodbury 16/481 Deed

The **Woodbury 16/481 deed (Def.'s Ex. 127)** is entitled "No. 10888 Warranty Deed"

and provides in pertinent part:

> Know All Men by These Presents: That for and in consideration of
> the sum of Ten ($10.00) Dollars, to them in hand paid, the receipt
> whereof is hereby acknowledged, and of other valuable considerations, E.
> D. Woodbury and Maude Woodbury, his wife,, hereinafter called the
> grantors, do bargain, sell[,] grant, convey and confirm to Pacific Railway
> and Navigation Company, hereinafter called the grantee, and to its
> successors and assigns forever, the following described real property
> situate in the County of Tillamook and State of Oregon, to wit:
>
> A strip of land sixty (60) feet in width, being thirty (30) feet on

---

[39] The plaintiffs also argue that because the deed provides for only nominal consideration ($1) the court should have found an easement. As explained in the footnote in the court's discussion of the Du Bois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Wilson 75/244 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

each side of the center line of the grantee's railway as the same is
surveyed and located through the following described real property, to
wit:

        * * * [Describing the property through which the strip conveyed
runs] * * *

        Together with the appurtenances, tenements and hereditaments
thereunto belonging or in anywise appertaining,

        To Have and to Hold to the grantee, and to its successors and
assigns forever.

        The grantors covenant with the grantee that they will warrant and
defend the premises herein granted against the lawful claims and
demands of all persons whomsoever claiming by, through or under the
grantors or either of them.

The court had found that the Woodbury 16/481 deed conveyed a fee simple title because
the amount of consideration was substantial ($10), there was no "right of way" language in the
title or body of the deed, no limitation on the use of the land for railroad purposes only, no right
of reverter if the railroad discontinued railroad use, nor any requirement for the railroad to build
structures such as crossings, cattle guards, or fences to protect the grantor's interest.

Plaintiffs argue that the description of the property conveyed by this deed is not precise
and thus this court should have found that the deed conveyed an easement and not a fee.  The
court disagrees and finds for the same reasons as explained in the court's analysis of the
Category I and II deeds the Woodbury 16/481 deed describes the location of the land being
conveyed by the grantor with sufficient precision to conclude that the original parties intended
to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land"
and describes it as passing through the land, the court incorrectly concluded that the Woodbury
16/481 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as

explained in the court's analysis of the Category II deeds, the use of "strip of land" and through

in the Woodbury 16/481 deed are not made in reference to any language limiting the use of the

land and thus do not indicate an intent by the original parties to convey an easement. Thus, the

court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of

finding that the Woodbury 16/481 deed conveyed a fee was correct and therefore the plaintiffs'

motion for reconsideration is denied.

> 28. The Woodbury 23/399 Deed

The **Woodbury 23/399 deed (Def.'s Ex. 128)** provides in pertinent part:

> Know All Men by These Presents: That we, E.E. Woodbury and Maude Woodbury, his wife, the grantors, in consideration of the sum of Two + $\frac{00}{100}$ Dollars, paid by Pacific Railway and Navigation, the grantee herein, the receipt whereof is hereby acknowledged, have bargained and sold, and by these presents do bargain, sell, transfer and convey unto said Pacific Railway and Navigation Company, an Oregon Corporation, and to its successors and assigns forever, a strip of land sixty (60) feet in width, being thirty (30) feet on each side of the center line of the railway of said Company as the same is now located, staked out, and operated through Section Twenty-Nine (29), Township Two (2) North, Range Ten (10) West of the Willamette Meridian. Which strip lies between the line between Sections 29 and 32 on the South and the North boundary of North Street of said Lake Lytle Tract, as the same is platted in and by Lake Lytle Plat and between Blks. [sic] 1, 7 and 3 of Lake Lytle on the East and Blks [sic] 4, 8 and 14 of Lake Lytle on the West.

> To Have and to Hold the above described premises unto the said Pacific Railway and Navigation Company and to its successors and assigns forever.

The court had found that the Woodbury 23/399 deed conveyed a fee simple title even

though the amount of consideration was nominal ($2) because there was no "right of way"

language in the title or body of the deed, no limitation on the use of the land for railroad

purposes only, no right of reverter if the railroad discontinued railroad use,  nor any requirement

for the railroad to build structures such as crossings, cattle guards, or fences, nor any revert language.

Plaintiffs argue that the description of the property conveyed by this deed is not precise and thus this court should have found that the deed conveyed an easement and not a fee.  The court disagrees and finds for the same reasons as explained in the court's analysis of the Category I and II deeds the Woodbury 23/399 deed describes the location of the land being conveyed by the grantor with sufficient precision to conclude that the original parties intended to convey a fee.

Next, the plaintiffs argue that because the deed refers to the property as a "strip of land" and describes it as passing through the land, the court incorrectly concluded that the Woodbury 23/399 deed conveyed a fee to the railroad. The court disagrees. For the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Woodbury 23/399 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Woodbury 23/399 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.[40]

### D.  Category IV: Deeds that conveyed a "strip of land" "across", "through",  or "over" a grantor's land and contained "right of way" language.

---

[40] The plaintiffs also argue that because the deed provides for only nominal consideration ($1) the court should have found an easement.  As explained in the footnote in the court's discussion of the DuBois 22/40 deed, the plaintiffs had stipulated that at least two deeds which had nominal consideration and contained the phrase "strip of land" and used the word through conveyed a fee. As such, the court finds that the fact that the Woodbury 23/399 deed contained only nominal consideration does not change the court's conclusion that it conveyed a fee rather than an easement.

The nine deeds identified in Category IV, like the deeds in Category III above, conveyed a "strip of land" and used either the words "across", "through", or "over" in reference to that strip of land.  Unlike the Category III deeds, however, the deeds in this category do use the term "right of way" either in the body or title of the deed.  Again, however, as the United States has previously argued the significance of the term "right of way" in a deed conveying a property interest to a railroad is not *that* the term is used, but *how* it is used.  Def's XMSJ 27-29, Def's Obj. Prelim. Findings 1-6, Oral Arg. Tr. 7-9.  As the Oregon Supreme Court explained in *Bouche,* if a deed to a railroad grants "a use to be made of the property, usually, but not invariably, described . . . as a right of way *in the grant*," courts then have "little difficulty" in determining that the deed conveyed an easement.  *Bouche,* 293 P. at 209.  In *Bernards*, the deed the court determined conveyed an easement used "right of way" in the granting clause, stating that the grantors "do hereby grant, bargain, sell and convey unto the said grantee and … its successors, *for its use as a right of way, a strip of land . . .*"  *Bernards,* 248 P.2d at 342 (emphasis added).  The Category IV deeds use the term "right-of-way" within the bodies of the deeds, but not in the granting clauses. As the court has done in the previous three Categories, the court will examine the *Bernards/Bouche* factors again.

### 1. Beals Land Co. 18/41

The **Beals Land Co. 18/41 deed (Def.'s Ex. 8)** provides in pertinent part:

Beals Land Company
      to                                         11136     Right of Way Deed
 Pacific Railway + Navigation Co

> Know All Men by These Presents: that for and in consideration of the sum of One [sic] + 00/100 Dollars, the receipt whereof is hereby acknowledged, Beals Land Company, a corporation duly organized and existing under and by virtue of the laws of the State of Oregon, hereinafter called the grantors, [sic] do [sic] hereby bargain, sell, grant,

> convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to wit:
>
> A strip of land sixty (60) feet wide being thirty (30) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through Lot two of Section thirty two in Township two North of Range ten West of the Willamette Meridian, save and except a certain tract heretofore conveyed by Beals Land Company to Security Savings and Trust Company.
>
> Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.
>
> To Have and to Hold unto the above named grantee and to its successors and assigns forever.
>
> The grantors above named do covenant that they are seized of the aforesaid premises in fee simple, and that the same are free from all incumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

The court had found that the Beals Land Co. 18/41 deed conveyed fee simple title even though the amount of consideration was nominal ($1) because the "right of way" language in the title of the deed described the geographic location of the property and not the nature of the interest being conveyed, there was no limitation on the use of the land for railroad purposes only nor a right of reverter if the railroad discontinued railroad use, and there was no requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

The plaintiffs argue that the court was incorrect in determining that the Beals Land Co. 18/41 deed conveyed a fee to the railroad because in part this court improperly discounted the importance of the deed being entitled "Right of Way Deed". As support for their argument concerning this deed, the *Albright* plaintiffs cite on a case decided under Kansas law support that the title is an *indication* that the railroad received only an easement. *Albright* Mot. 13 n.5

(citing *Biery v. United States*, 753 F.3d 1279, 1289 (Fed. Cir. 2014)).  The *Loveridge* plaintiffs

make similar arguments and they compare the Beals Land Company 18/41 deed to the Wilhelm

deed in *Boyer* where this court found that a deed entitled right of way, that used the phrase

"over and across" and strip of land,  that requires the railroad to build and maintain fences and

crossings, and the reflects only nominal consideration as paid conveyed an easement to the

railroad and not a fee.  Additionally, the plaintiffs argue that the consideration provided is

nominal and the deed contains the phrases "strip of land" and "through", the property being

conveyed is not described with precision, each of which is a factor that weighs into concluding

that the Beals Land Co. 18/41 deed conveyed an easement and not a fee.

     In response, the government argues that the standards set forth in *Bernards* and *Bouche*

do not suggest that because the deed is entitled "Right of Way Deed" it must be construed as

conveying an easement without other indicia to suggest that the original parties intended to

convey an easement. The government maintains that because the deed does not mention any

railroad purpose or contain any language limiting the use of the land to only railroad purposes

the court was correct in determining that a fee was conveyed to the railroad.

     The court agrees with the plaintiffs that the court was incorrect when it previously

determined that the deed conveyed a fee to the railroad rather than an easement.  Although the

issue of the nature of the conveyance is a close call, the court agrees with the plaintiffs that the

balance of the *Bernards/Bouche* factors indicate that the original parties intended to convey an

easement to the railroad.  The combination of the use of "right of way" in the title of the deed as

well as the nominal consideration indicate that the original parties intended to convey an

easement to the railroad.  Additionally, although as explained above, the singular use of the

phrase "strip of land" and words such as through do not necessarily indicate in and of

themselves an intent to convey an easement when read together with the title of the Beals Land

Co. 18/41 deed, they do suggest an intent to convey an easement.  Therefore, the plaintiffs'

motion for reconsideration is granted on the Beals Land Co. 18/41 deed.

2. Bryden 74/273 Deed

The **Bryden 74/273 deed (Def.'s Ex. 12)** is a form deed that provides in pertinent part:

Know all Men by these Presents, *That*

James Bryden and Addie Bryden , [sic] his wife and John Stewart and Clara
  Stewart, his wife

of                      xxxxxxxx          *State of Oregon, in consideration of*

Twenty Two [sic] and 05/100 ($22.05)                   DOLLARS,
*to*         them *paid by* Pacific Railway and Navigation Company
*of*   Portland , Multnomah [sic]        *County* xx       *State of Oreg*on * * *
* * * * * *have bargained and sold, and by these presents do grant, bargain, sell
and convey unto said*
Pacific Railway Navigation Company[,] its successors
* * * *and assigns, all the following bounded and described real property, situated
in the County of Washington and State of Oregon:*
A strip of land one hundred (100) feet wide being fifty (50) feet on each
side[]of the center line of the Pacific Railway and Navigation Company's Railway
<u>as surveyed, located and adopted</u> across W$\frac{1}{2}$ [sic] of N. W [sic] $\frac{1}{4}$ Sec. 29, T. P. 3
N. R. 4 W. W. M.  described as follows: Beginning at a point on the east line of
W$\frac{1}{2}$ of NW$\frac{1}{4}$ 685 feet north of the Southeast corner thereof, said point being at the
intersection of said east line with <u>the west line</u> of said Right of Way; running
thence North 7 degrees and 59 minutes west along <u>said west line</u> of Right of Way
820 feet; thence by a spiral to the left 60 feet; thence * * * [describing property] *
* *; containing four and 58/100 (4.58) acres.
* * * [Blank space] * * *
*Together with all and singular the tenements, hereditaments and appurtenances
thereto belonging or in anywise appertaining and also all*
their      *estate, right, title and interest in and to the same, including dower and
claim of dower.*
TO HAVE AND TO HOLD the above described and granted premises unto the
said
PACIFIC RAILWAY AND NAVIGATION COMPANY[,]    its
successors      xxx *and assigns forever. And*

James Bryden and Addie Bryden, his wife, and John Stewart and
Clara Stewart[,] his wife, *grantors above named do covenant to and with*
Pacific Railway and Navigation Company
*the above named grantee*[,] *its successors and assigns that*[]it is lawfully seized
*in fee simple of the above granted premises, that the* above granted premises *are
free from all incumbrances*
\* \* \*
*and that* they *will and* their *heirs, executors and administrators
shall warrant and forever defend the above granted premises, and ever part and
parcel thereof, against the lawful claims and demands of all persons whomsoever.*
(italics in original).

The court had found that the Bryden 74/273 deed conveyed fee simple title because the

amount of consideration was substantial ($22.05), the "right of way" language in the body of the

deed described the geographic location of the property and not the nature of the interest being

conveyed, there was no limitation on the use of the land for railroad purposes only nor a right of

reverter if the railroad discontinued railroad use, and there was no requirement for the railroad

to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

The plaintiffs argue that the court incorrectly determined that the phrase "right of way"

did not indicate the original parties' intention to convey an easement because it described the

land being conveyed and not the nature of the property interest. Instead, plaintiffs argue the

court should have determined that the use of the term "right of way" in this deed referenced the

interest being conveyed and thus indicated an intention to convey an easement. Furthermore,

the plaintiffs argue that because the deed contains the phrase "strip of land" and uses the word

across, the court should have found that the deed conveyed an easement and not a fee. The

court disagrees. First, the court finds that it was correct when it determined that the use of the

phrase "right of way" in this deed described the geographic location of the property and not the

property interest itself. Second, for the same reasons as explained in the court's analysis of the

Category II deeds, the use of "strip of land" and across in the Bryden 74/273 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Bryden 74/273 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.

### 3. Friday 72/526 Deed

The **Friday 72/526 deed (Def.'s Ex. 37)** provides in pertinent part:

> THIS INDENTURE, made this 7th day of May 1906, between John W. Friday and Pearl Friday his wife, of Washington County, Oregon, parties of the first part, and the PACIFIC RAILWAY & NAVIGATION COMPANY, a Corporation, party of the se[con]d part, WITNESSETH:
>
> That the said parties of the first part, for and in consideration of the sum of Twenty Five Dollars ($25) to them in hand paid, by the party of the second [p]art, the receipt of which is hereby acknowledged , [sic] have granted, bargained and sold[,] conveyed and confirmed and by these presents do grant , [sic] bargain and sell, convey and confirm unto the said party of the second part, and its successors and assigns , [sic] all that certain lot, piece, parcel and track of land, lying,[]being and situate in Washington County, Oregon, and particularly described as a part of the South East Quarter of Sec. 25, T 2 N. R. 4 W., Will. Mer., to-wit:-
>
> A strip of land 160 feet wide being 120 feet on the East side and 40 feet on the West side of the center line of the Pacific Railway & Navigation Company's railway as now surveyed and located on said lands, and described as follows:
>
> Beginning at a point where the center line of said Railroad Survey intersects the c enter [sic] of Dairy Creek, * * * Thence down the center of said Creek South 22 degree and 40 minutes East 170 feet and thence South 13 degree and 15 minutes west 93 feet to the West line of Right of Way; Thence South 32 degree and 18 minutes East along said Right of Way 96 feet to the center of Dairy Creek; thence North 80 degree and 22 minutes East 955 feet to the place of beginning and containing 0.96 acres.
>
> Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and

profits thereof.

TO HAVE AND TO HOLD, all and singular, the said premises together with the appurtenances unto the said[]party of the second part and unto its successors and assigns forever.

The court had found that the Friday 72/526 deed conveyed fee simple title because the amount of consideration was substantial ($25), the "right of way" language in the body of the deed described the geographic location of the property and not the nature of the interest being conveyed, there was no limitation on the use of the land for railroad purposes only nor a right of reverter if the railroad discontinued railroad use, and there was no requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

The plaintiffs argue that the court incorrectly determined that the phrase "right of way" did not indicate the original parties' intention to convey an easement because it described the land being conveyed and not the nature of the property interest. Instead, plaintiffs argue the court should have determined that the use of the term "right of way" in this deed referenced the interest being conveyed and thus indicated an intention to convey an easement. Furthermore, the plaintiffs argue that because the deed contains the phrases "strip of land" and "located on" the court should have found that the deed conveyed an easement and not a fee. The court disagrees. First, the court finds that it was correct that the use of the phrase "right of way" was describing the geographic location of the property and not the property interest itself. Second, for the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Friday 72/526 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards* factors weighed in

favor of finding that the Friday 72/526 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.

> 4. Hannan 99/354 Deed

The **Hannan 99/354 deed (Def.'s Ex. 51)** provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS: That Ella Hannan widow, of the County of Washington State of Oregon,  in consideration of the sum of Five Hundred ($500.00) Dollars to her paid by Pacific Railway and Navigation Company, a corporation, the receipt whereof is hereby acknowledged, has bargained and sold and by these[]presents does grant, bargain[,] sell and convey unto said Pacific Railway and Navigation Company[,] its successors and assigns all of the following describe premises located in Washington County, Oregon. [sic] Beginning[]at a point on the east line of the right of way of said Pacific Railway and Navigation Company, 1020 feet south and 135 feet east of the northwest corner of the southwest quarter of Section 4, Township 2 North range [sic] 4, Willamette Meridian, said point being 100 feet distant from main line and 30 feet distant from the north leg of the wye track as now located; running thence easterly and 30 feet distant from said wye track on 18° 30' curve, 360 feet; thence easterly and 30 feet distant from wye track extended 260 feet; thence southerly at right angles, 60 feet; thence westerly[]at right angles and 30 feet distant from said wye track extend 275 feet; thence southerly and 30 feet distance from south leg of said wye track, 510 feet to the east of said right of way, which point is 40 feet from the main line[;] thence northerly along the said right of way on a 40° curve 400 feet; then north 62 feet; thence northerly along the right of way on a 4° curve parallel to the main line and 100 feet distant therefrom, 215 feet to the place of beginning containing[]1.9 acres, together with all and singular the tenements , [sic] hereditaments and appurtenances thereunto belonging or in anywise appertaining. The grantee herein agrees to fence said tract herein conveyed with a hog-tight fence. Grantor reserves the right to one private crossing at grade with gates[]over the tract above described at a point to be mutually agreed upon.
>
> TO HAVE AND TO HOLD[]said premises unto the said Pacific Railway and Navigation Company, its successors and assigns forever, and the grantor herein does covenant to and with the above named grantee that she is lawfully seised in fee simple of said granted premises that the same are free from all incumbrances and that she will warrant and forever defend the said premises, and every part and parcel thereof,

against the lawful claims and demands of all persons whomsoever.

The court had found that the Hannan 99/354 deed conveyed fee simple title even though the grantee was required to build a hog-tied fence because the amount of consideration was substantial ($500), the "right of way" language in the body of the deed described the geographic location of the property and not the nature of the interest being conveyed,  and there was no limitation on the use of the land for railroad purposes only nor a right of reverter if the railroad discontinued railroad use.

The plaintiffs argue that the court incorrectly determined that the phrase "right of way" did not indicate the original parties' intention to convey an easement because it described the land being conveyed and not the nature of the property interest.  Instead, plaintiffs argue the court should have determined that the use of the term "right of way" in this deed referenced the interest being conveyed and thus indicated an intention to convey an easement.  Furthermore, the plaintiffs argue that because the deed contains the phrases "strip of land" and "across", the court should have found that the deed conveyed an easement and not a fee.  The court disagrees. First, the court finds that it was correct that the use of the phrase "right of way" was describing the geographic location of the property and not the property interest itself.  This is further supported by an inclusion of a specific amount of acreage that is being conveyed which indicates that the use of the term "right of way" was describing the geographic location of the interest being conveyed. Second, for the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Hannan 99/354 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion

that the *Bernards/Bouche* factors weighed in favor of finding that the Hannan 99/354 deed

conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.

   5. Hannan 72/549 Deed

   The **Hannan 72/549 deed (Def.'s Ex. 50),** which is very similar to the above analyzed

Hannan deed, provides in pertinent part:

   THIS INDENTURE, made this 21st day of August 1906, between
   Henry Hannon and Ella Hannon, his wife, of Washington County,
   Oregon, parties of the first part, and the Pacific Railway & Navigation
   Company, a Corporation, parties of the first part, WITNESSETH:

   THAT the said parties of the first part, for and in consideration of
   the sum of $1.00, to them in hand paid, by the party of the second part,
   the receipt of which is hereby acknowledged, have granted, bargained
   and sold, conveyed and confirmed, and by these presents do grant,
   bargain and sell, convey and confirm unto the said party of the second
   part, and its successors and assigns, all that certain lot, piece, parcel and
   tract of land, lying, being and situate in Washington County, Oregon, and
   particularly described as a portion of Section 4, T. 2 N. R. 4 W., a strip of
   land 60 feet wide, and 680 feet long, <u>adjoining</u> the right of Way [sic] <u>of
   the Pacific Railway & Navigation Company's Railway</u>, <u>on the Right</u> ,
   [sic] and described as follows:-

   Beginning at a point 526 5/10 feet South of and 66 5/10 feet East
   of the North West corner of the South West quarter of the North West
   quarter of said Sec. 4; Running thence South 2 degrees and 38 minutes
   West <u>along</u> Right of Way, 242 5/10 feet; thence in a Southerly direction
   by a spiral to left, 90 feet; thence by a 4 degree curve to the left, 355 feet;
   thence East parallel  to the North line of said Section 4, 61 5/10 feet;
   thence in a Northerly direction on a 4 degree curve to the Right 355 feet,
   thence by a spiral to right, 90 feet; thence North 2 degrees and 30 minutes
   East, 264 3/10 to the North line of said Hannan's land; thence South 72
   degrees and 40 minutes West, 61 1/10 feet to place of beginning and
   containing 0.96 acres.

   Together with all and singular, the tenements, hereditaments and
   appurtenances thereunto belonging or in anywise appertaining, and the
   reversion and reversions, remainder and remainders, rents, issues and
   profits thereof.
   TO HAVE AND TO HOLD, all and singular, the said premises
   together with the appurtenances unto the said[]party of the second part
   and unto its successors and assigns forever. And the parties of the * * *

first part hereby covenant to and with the party of the second part[,] its
successors and assigns forever, that the parties of the first part, [sic] are
the owners in fee simple of the tract of land a bove [sic] described, and
the whole thereof, that said premises are fee from all incumbrances, and
that the parties of the first part, their heirs, executors and administrators
shall warrant and forever defend the above described and granted
premises and every part and parcel thereof against the lawful claims and
demands of all persons whomsoever.

The court had found that the Hannan 72/549 deed conveyed fee simple title even though

the amount of consideration was nominal ($1) because the "right of way" language in the body

of the deed described the geographic location of the property and not of the interest being

conveyed, there was no limitation on the use of the land for railroad purposes only nor a right of

reverter if the railroad discontinued railroad use, and there was no requirement for the railroad

to build structures such as crossings, cattle guards, or fences to protect the grantor's land.

The plaintiffs argue that the court incorrectly determined that the phrase "right of way"

did not indicate the original parties' intention to convey an easement because it described the

land being conveyed and not the nature of the property interest.  Instead, plaintiffs argue the

court should have determined that the use of the term "right of way" in this deed referenced the

interest being conveyed and thus indicated an intention to convey an easement.  Furthermore,

the plaintiffs argue that because the deed contains the phrases "strip of land" and "across" the

court should have found that the deed conveyed an easement and not a fee.  The court agrees

with the plaintiffs that the court was incorrect when it previously determined that the deed

conveyed a fee to the railroad rather than an easement.  Although the issue of the nature of the

conveyance is a close call, the court agrees with the plaintiffs that the balance of the

*Bernards/Bouche* factors indicate that the original parties intended to convey an easement to the

railroad.  The combination of the use of "right of way" in the title of the deed as well as the

nominal consideration indicate that the original parties intended to convey an easement to the railroad.  Additionally, although as explained above, the singular use of the phrase "strip of land" and words such as through do not necessarily indicate in and of themselves an intent to convey an easement when read together with the use "right of way" in the B Hannan 72/549 deed, they do suggest an intent to convey an easement.  Therefore, the plaintiffs' motion for reconsideration is granted on the Hannan 72/549 deed.

    6. Harter 29/115 Deed

    The **Harter 29/115 deed (Def.'s Ex. 53)** is entitled "Warranty Deed. No. 21042." and provides in pertinent part:

> KNOW ALL MEN BY THESE PRESENTS, That [sic] we John R. Harter, his wife, of the County of Tillamook in the State of Oregon, in consideration of the sum of Three Hundred Seventy-Five ($375.00) Dollars, paid by Pacific Railway and Navigation Company, a corporation duly organized under the laws of the State of Oregon, having its principal office at the City of Portland in said State, the receipt whereof is hereby acknowledged, have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey unto the said Pacific Railway and Navigation Company, its successors and assigns, the following described parcel of land, situate in Tillamook County, in the State of Oregon, to-wit:
>
> Our undivided two-thirds (2/3) interest in and to that certain tract or parcel of land in Tillamook County, Oregon, more particularly described as follows:-
>
> All of a strip of land one hundred feet in width, being fifty feet in width on each side of the center line of the P. R. & N. CO. as the same is now located and constructed across the Northeast quarter of the northeast quarter of section 13, Township 1 South Range 10 West, Willamette Mariden, [sic] and also across the north six rods (Ninety-nine feet of the southeast quarter of the Northeast quarter of said Section 13. [sic] Said center line being more particularly described as follows:-
>
> * * * [Description] * * *
>
> The above described strip of land containing 3.80 acres more or less.

It being the intention to convey <u>our undivided two-thirds (2/3) interest in the</u> right-of-way <u>of said railroad Company [sic]</u> as now used and which was acquired by us [the grantors] through deeds from Monta Davidson and Josie A. Deeter, together with all and singular the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining, and also all our estate, right, title and interest in and to the same, including dower and claim of dower.

TO HAVE AND TO HOLD The [sic] above described and granted premises unto the said Pacific Railway and Navigation Company[,] its successors and assigns forever. And we the grantors above named do covenant to and with the above named grantee, its successors and assigns, that we are lawfully seized in fee simple of the above granted premises, that the above granted premises are free from all incumbrances, and that we will and our heirs, executors and administrators, shall warrant and defend the above granted[]premises, and every part and parcel thereof, against the lawful claims and demands of all persons whomsoever.

The court had found that the Harter 29/115 deed conveyed fee simple title because the amount of consideration was substantial ($375), the "right of way" language in body of the deed described the geographic location of the property and not the nature of the interest being conveyed, there was no limitation on the use of the land for railroad purposes only nor a right of reverter if the railroad discontinued railroad use, and there was no requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's interest.

The plaintiffs argue that the court incorrectly determined that the phrase "right of way" did not indicate the original parties' intention to convey an easement because it described the land being conveyed and not the nature of the property interest. Instead, plaintiffs argue the court should have determined that the use of the term "right of way" in this deed referenced the interest being conveyed and thus indicated an intention to convey an easement. Furthermore, the plaintiffs argue that because the deed contains the phrases "strip of land" and across the court should have found that the deed conveyed an easement and not a fee. The court disagrees. First, the court finds that it was correct that the use of the phrase "right of way" was describing

the geographic location of the property and not the property interest itself.  This is further supported by an inclusion of a specific amount of acreage that is being conveyed which indicates that the use of the term "right of way" was describing the geographic location of the interest being conveyed. Second, for the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Harter 29/115 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Harter 29/115 deed conveyed a fee were correct and therefore the plaintiff's motion for reconsideration is denied.

    7. Stowell 75/32 Deed

The **Stowell 75/32 deed (Def.'s Ex. 105)** provides in pertinent part:

>     THIS INDENTURE, made this 8th day of February A.D.1907, between S. H. Stowell and Josephine Stowell, his wife, of Washington County, Oregon, parties of the first part, and the PACIFIC RAILWAY & NAVIGATION COMPANY, party of the second part, WITNESSETH:

>     That the parties of the first part, for and in consideration of the sum of $50.00 and other good and valuable consideration to them in hand paid, by the party of the second part, the receipt whereof is hereby acknowledged, have granted, bargained and sold, conveyed and confirmed and by these presents do grant, bargain and sell, convey and confirm unto the said party of the second part, and its successors and assigns all that certain lot, piece, parcel and tract of land, lying, being and situate in t[h]e County of Washington, State of Oregon and being more particularly described as follows:-

>     Being in the S. W. [1/4] of Sec.[]33 and in the N. E. [1/4] of Sec 32, all in[]T. 3 N R. 4. W. Will. Mer. a strip of land 100 feet wide being 50 feet on each side of the center line of the Pacific Railway and Navigation Company's Railway, as surveyed, located and adopted across <u>said lands</u> and described as follows:-

>     Beginning at a point where <u>the East line of</u> <u>said</u> Right of Way intersects the West line of said Stowells [sic] land, 475 feet North and 109 feet East of the Southwest corner of said Section 33; Running [sic]

thence in a Northwesterly direction along said West line, 180 feet; thence in a North Easterly direction along said West line, 520 feet to its intersection with the West line of <u>said</u> Right of Way; thence in a Northeasterly dire[c]tion <u>along said</u> Right of way, [sic] on a spiral to the Right, 170 feet; thence * * * *; Also Beginning [sic] at a point where the West line of said Right of Way intersects the East line of said N. E. $\frac{1}{4}$ of said Sec. 32, 390 feet North of the Southeast corner thereof; Running * * * *, and containing 6.96 acres.

Together with all and singular, the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining and the reversion and reversions, remainder and remainders, rents, issues and profits thereof.

TO HAVE AND TO HOLD, all and singular, the said premises together with the appurtenances unto the said Pacific Railway & Navigation Company, its successors and assigns forever,[]And [sic] We, [sic] S. H,. Stowell and Josephine Stowell, his wife, grantors above named, do covenant to and with the Pacific Railway & Navigation Company, the above n[a]med grantee, its successors and assigns, that the above granted premises are fee from all incumbrances, and that we will and our heirs, executors and administrators, shall warrant and forever defend the above granted premises and every part and parcel thereof against the lawful claims and demands of all persons whomsoever.

The court had found that the Stowell 75/32 deed conveyed fee simple title because the amount of consideration was substantial ($50), the "right of way" language in the body of the deed described the geographic location of the property and not of the nature of the  interest being conveyed, there was no limitation on the use of the land for railroad purposes only nor a right of reverter if the railroad discontinued railroad use, and there was no requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's land.

The plaintiffs argue that the court incorrectly determined that the phrase "right of way" did not indicate the original parties' intention to convey an easement because it described the land being conveyed and not the nature of the property interest.  Instead, plaintiffs argue the court should have determined that the use of the term "right of way" in this deed referenced the

interest being conveyed and thus indicated an intention to convey an easement.  Furthermore,

the plaintiffs argue that because the deed contains the phrases "strip of land" and  across the

court should have found that the deed conveyed an easement and not a fee.  The court disagrees.

First, the court finds that it was correct that the use of the phrase "right of way" was describing

the geographic location of the property and not the property interest itself.  This is further

supported by an inclusion of a specific amount of acreage that is being conveyed which

indicates that the use of the term "right of way" was describing the geographic location of the

interest being conveyed. Second, for the same reasons as explained in the court's analysis of the

Category II deeds, the use of "strip of land" and across in the Stowell 75/32 deed are not made

in reference to any language limiting the use of the land and thus do not indicate an intent by the

original parties to convey an easement. Thus, the court finds that its original conclusion that the

*Bernards/Bouche* factors weighed in favor of finding that the Stowell 75/32 deed conveyed a fee

was correct and therefore the plaintiffs' motion for reconsideration is denied.

> 7.    Smith, Lloyd 16/515 Deed

The **Smith, Loyd 16/515 deed (Def.'s Ex. 103)** provides in pertinent part:

> Know All Men by These Presents: That for and in consideration of
> the sum of One Hundred Fifty and $\frac{00}{100}$ Dollars, the receipt whereof is
> hereby acknowledged, I, Lloyd C Smith a widower, of Garibaldi,
> Tillamook County[,] Oregon[,] hereinafter called the grantor, do hereby
> bargain, sell, grant, convey and confirm to Pacific Railway and
> Navigation Company, hereinafter called the grantee, and to its successors
> and assigns forever, all of the following described real property situate in
> the County of Tillamook and State of Oregon, to wit:

> A strip of land one hundred(100) [sic] feet wide being fifty (50)
> feet on each side of the center line of the railway of the grantee as the
> same is surveyed and located through Lot 3 of Section 8, Lot 4 of Section
> 7, Lots 1, 2, 3, and 4 and North-West [sic] quarter of South-West[]quarter
> of Section 17, Lot 3 of Section 20 and Tide  Land fronting and abutting

upon Lots 3 and 4 of Section 20, all in Township 1 North of Range 10 West of Willamette Meridian; <u>save and except that from Station No 651 to Station No. 677</u> <u>said</u> right of way <u>hereby conveyed</u> shall be only 65 feet wide being 50 feet on the Easterly side and 15 feet on the Westerly side of said center line.

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

To Have and to Hold unto the above named grantee and unto its successors and assigns forever.

The grantor above named does covenant that he is seised of the aforesaid premises in fee simple, and that the same are free from all incumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

The court had found that the Smith, Lloyd 16/515 deed conveyed fee simple title because the amount of consideration was substantial ($150)[41], the "right of way" language in body of the deed described the geographic location of the property and not of the nature of the interest being conveyed, there was no limitation on the use of the land for railroad purposes only nor a right of reverter if the railroad discontinued railroad use, and there was no requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's land.

The plaintiffs argue that the court incorrectly determined that the phrase "right of way" did not indicate the original parties' intention to convey an easement because it described the land being conveyed and not the nature of the property interest. Instead, plaintiffs argue the court should have determined that the use of the term "right of way" in this deed referenced the interest being conveyed and thus indicated an intention to convey an easement. Furthermore, the plaintiffs argue that because the deed contains the phrases "strip of land" and through this

---

[41] As noted above, the court in its August 13, 2018 Opinion had incorrectly identified the consideration in the Smith/Lloyd deed as $1 rather than $150.

court should have found that the deed conveyed an easement and not a fee.  The court disagrees.

First, the court finds that it was correct that the use of the phrase "right of way" was describing

the geographic location of the property and not the property interest itself.  Second, for the same

reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land"

and through in the Smith, Lloyd 16/515 deed are not made in reference to any language limiting

the use of the land and thus do not indicate an intent by the original parties to convey an

easement. Finally, plaintiffs argue that the description of the property conveyed by this deed is

not precise and thus this court should have found that the deed conveyed an easement and not a

fee.  The court disagrees and finds for the same reasons as explained in the court's analysis of

the Category I and II deeds that the Smith, Lloyd 16,515 deed describes the location of the land

being conveyed by the grantor with sufficient precision to conclude that the original parties

intended to convey a fee. Thus, the court finds that its original conclusion that the

*Bernards/Bouche* factors weighed in favor of finding that the Smith, Lloyd 16/515 deed

conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.

   8. Wheeler 16/2 Deed

The **Wheeler 16/2 deed (Def.'s Ex. 122)** provides in pertinent part:

> Know All Men by These Presents: That Coleman H. Wheeler and
> Cora E. Wheeler, hereinafter called the grantors, for and in consideration
> of the sum of $1.00 to them in hand paid, the receipt whereof is hereby
> acknowledged, <u>does [sic] hereby release, remit and forever quit claim
> [sic] unto Pacific Railway and Navigation Company, hereinafter called
> the grantee, its successors and assigns forever, all of the following
> described real property situate in the County of Tillamook and State of
> Oregon, to wit: A</u> right of way <u>60 feet in width, being 30 feet on each
> side of and parallel with the center line of the grantee's railway as the
> same is surveyed, staked out, located and adopted through the following
> described real property, to-wit:</u>
>
> All that tract or parcel of land in Lots Four (4) and Five (5) of

Section Two (2), Township Two (2) North of Range Ten (10) West of the Willamette Meridian

Beginning at the Northeast corner of Charles Seaman's four acre tract on the meander line of the Nehalem River; thence Easterly along and up said River sixteen (16) rods; thence South twenty (20) rods parallel with Charles Seaman's line; thence West to Charles Seaman's East line; thence North to the Nehalem River to the place of beginning and containing two acres more or less.

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

To Have and to Hold to the above named grantee and to its successors and assigns forever.

The court had found that the Wheeler 16/2 deed conveyed fee simple title although the amount of consideration was nominal ($1), the "right of way" language in the body of the deed described the geographic location of the property and not of the nature of the interest being conveyed, there was no limitation on the use of the land for railroad purposes only nor a right of reverter if the railroad discontinued railroad use, and there was no requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's land.

The plaintiffs argue that the court incorrectly determined that the phrase "right of way" did not indicate the original parties' intention to convey an easement because it described the land being conveyed and not the nature of the property interest. Instead, plaintiffs argue the court should have determined that the use of the term "right of way" in this deed referenced the interest being conveyed and thus indicated an intention to convey an easement. Furthermore, the plaintiffs argue that because the deed contains the phrases "strip of land" and "across" at least three of the eight *Bernards/Bouche* factors are present and thus the court should have found that the deed conveyed an easement and not a fee.

The court agrees with the plaintiffs that the court was incorrect when it previously determined that the deed conveyed a fee to the railroad rather than an easement. Although the

issue of nature of the conveyance is a close call, the court agrees with the plaintiffs that the balance of the *Bernards/Bouche* factors indicate that the original parties intended to only convey a fee to the railroad. The combination of the use of "right of way" in the granting clause of the deed as well as the nominal consideration indicate that the original parties intended to convey an easement to the railroad. Additionally, although as explained above, the singular use of the phrase "strip of land" and words such as through do not necessarily indicate in and of themselves an intent to convey an easement when read together with the use of "right of way" in the Wheeler 16/2 deed, they do suggest an intent to convey an easement to the railroad. Therefore, the plaintiffs' motion for reconsideration is granted on the Wheeler 16/2 deed.

### E.  Category V: Deeds which contain "right of way" language in the body or the title

Category V deeds consist of five deeds which only the *Loveridge* plaintiffs are seeking reconsideration. The arguments for reconsideration are nearly identical to the arguments made concerning the Category IV except that the *Loveridge* plaintiffs' primary arguments as to why reconsideration is warranted is that the court misconstrued the use of the phrase "right of way" and should have found that "right of way" was describing the interest being conveyed and that the deeds conveyed an easement to the railroad rather than a fee.  As the court has done in the previous four Categories, the court will examine the *Bernards/Bouche* factors again.

1. The Byrom 5/310 Deed

The **Byrom 5/310 deed (Def.'s Ex. 16)** provides in pertinent part:

| | |
|---|---|
| Peter Byrom et ux | No. 2820 |
| to | Right of Way |
| Pacific Railway and Navigation Co. | $5.00 |

Know All Men by These Presents: That for and in consideration of the

sum of $5.00, to them in hand paid, the receipt whereof is hereby acknowledged, Peter Bryom and Bergtha [sic] Byrom, his wife, do bargain, sell, grant and convey to the Pacific Railway and Navigation Company, and to its successors and assigns forever, a strip of land 100 ft. wide, being 50 ft. on each side of the center line of the railway of the Pacific Railway and Navigation[]Company, as now surveyed and located thru lands of the aforesaid Peter Byrom and Bergtha [sic] Byrom in Sections 21 and 22, in Township 1 North of Range 10 West of the Willamette Meridian, more particularly described as follows, to wit:

All tide lands fronting and abutting on Lots 3[]and 4 in Section 21, and Lots 1, 2 and 3 in Section 22, in Township 22, in Township 1 North of Range 10 West of the Willamette Meridian; together with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining. To Have and to Hold unto the said Pacific Railway and Navigation Company, and to its successors and assigns forever; together with the right to build, maintain and operate thereover a railway and telegraph line[.]

The court had found that the Byrom 5/310 deed conveyed fee simple title although the amount of consideration was nominal ($5), because the "right of way" language in the body of the deed described the geographic location of the property and not of the nature of the interest being conveyed, there was no limitation on the use of the land for railroad purposes only nor a right of reverter if the railroad discontinued railroad use, and there was no requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's land.

The plaintiffs argue that the court incorrectly determined that the phrase "right of way" did not indicate the original parties' intention to convey an easement because it described the land being conveyed and not the nature of the property interest. Instead, plaintiffs argue the court should have determined that the use of the term "right of way" in this deed referenced the interest being conveyed and thus indicated an intention to convey an easement. Furthermore, the plaintiffs argue that because the deed contains only nominal consideration the court should have found that the deed conveyed an easement rather than a fee.

The court agrees with the plaintiffs that the court was incorrect when it previously determined that the deed conveyed a fee to the railroad rather than an easement. Although the issue of nature of the conveyance is a close call, the court agrees with the plaintiffs that the balance of the *Bernards/Bouche* factors indicate that the original parties intended to only convey an easement to the railroad. The combination of the use of "right of way" in the granting clause of the deed as well as the nominal consideration indicate that the original parties intended to convey an easement to the railroad. Additionally, although as explained above, the singular use of the phrase "strip of land" and words such as through do not necessarily indicate in and of themselves an intent to convey an easement when read together with the use of "right of way" in the Byrom 5/310 deed, they do suggest an intent to convey an easement. Therefore, the plaintiffs' motion for reconsideration is granted on the Byrom 5/310 deed.

2. The Goodspeed 16/487 Deed

The **Goodspeed 16/487 deed (Def.'s Ex. 41)** provides in pertinent part:

> Know All Men by These Presents: That for and in consideration of the sum of <u>Thirty four Hundred and sixteen and 60/100 Dollars</u>, the receipt whereof is hereby acknowledged, we, H. F. Goodspeed and Lillian A Goodspeed, husband and wife, of Tillamook City, Tillamook County, Oregon: [sic] hereinafter called the grantors, do bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to wit:
>
> A strip of land fifty[](50) feet wide being twenty five (25) [feet] on each side of the center line of the railway of the grantee as the same is surveyed and located through the South East quarter of the North West quarter and that part of Lot seven <u>lying West of a certain</u> right of way <u>formerly conveyed by said Goodspeed to said Pacific Railway and Navigation Company</u>, all lying in Section thirty, in Township one South of Range nine West of Willamette Meridian, <u>the center line of the</u> right of way <u>hereby conveyed</u> being more particularly described as follows, to wit: Beginning at a point which is identical with Station 18 plus 84.5 on

the main line of said P.R.+N. Co., which point is located by beginning at Sta. 00 plus 00 on said main line, 4407.8 feet South and 281.5 East of the ¼ Section corner between Secs [sic] 19 and 30, T 1 S R 9 W, and running thence N 1° 00' East 1884.5 feet to said Station 18 plus 84.5 which is the initial point of the right of way <u>hereby intended to be described and conveyed</u>, thence following a spiral to the left a distance of 120 feet and consuming 7° 30' of the angle, thence following a 12° 30' curve to the left a distance of 609.3 feet, thence following a spiral to the left a distance of 120 feet and consuming 7° 30' of angle, to Sta. 8 plus 49.3; thence South 89° 50' West 1142 feet more or less to the East line of Lot two in said Section 30.

Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining.

To have and to hold unto the above named grantee and unto its successors and assigns forever.

The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all incumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

The court had found that the Goodspeed 16/487 deed conveyed fee simple title because the amount of consideration was substantial ($3416.60), the "right of way" language in body of the deed described the geographic location of the property and not of the nature of the interest being conveyed, there was no limitation on the use of the land for railroad purposes only nor a right of reverter if the railroad discontinued railroad use, and there was no requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's land.

The plaintiffs argue that the court incorrectly determined that the phrase "right of way" did not indicate the original parties' intention to convey an easement because it described the land being conveyed and not the nature of the property interest. Instead, plaintiffs argue the court should have determined that the use of the term "right of way" in this deed referenced the interest being conveyed and thus indicated an intention to convey an easement. Furthermore,

the plaintiffs argue that because the deed contains the phrases "strip of land" and through this court should have found that the deed conveyed an easement and not a fee.  The court disagrees. First, the court finds that it was correct that the use of the phrase "right of way" was describing the geographic location of the property and not the property interest itself.  Second, for the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Goodspeed 16/487 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in favor of finding that the Goodspeed 16/487 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.

   3. Hobson 13/331 Deed

The **Hobson 13/331 deed (Def.'s Ex. 56)** provides in pertinent part:

> Know all Men by These Presents: That for and in consideration of the sum of Three Hundred and 00/100 Dollars, the receipt whereof is hereby acknowledged, We, Joanna Hobson and Frank P. Hobson, wife and husband, of Tillamook County, Oregon hereinafter called the grantors, do hereby bargain, sell, grant, convey and confirm to Pacific Railway and Navigation Company, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:

> A strip of land one hundred (100) feet wide being fifty (50) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through Lots three and that part of Lot two lying East of a certain tract in Lot two owned by Theodore Parks, all in Section twenty-two, Township one North of Range ten West of Willamette Meridian, on what is known and designated as the Coast Line Route.

> Together with the appurtenances, tenements and hereditaments thereunto belonging or in anywise appertaining. It is hereby understood and agreed that this deed shall not convey to said Railway Company any right of way on any lands of the grantor lying East of the curve now staked out and located to connect said Coast Line Route with the right of way heretofore conveyed by the grantors herein to said Grantee.

> To Have and to Hold unto the above named grantee and unto its successors and assigns forever.
>
> The grantors above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

The court had found that the Hobson 13/331 deed conveyed fee simple title because the amount of consideration was substantial ($300), the "right of way" language in body of the deed described the geographic location of the property and not of the nature of the interest being conveyed, z there was no requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's land.

The plaintiffs argue that the court incorrectly determined that the phrase "right of way" did not indicate the original parties' intention to convey an easement because it described the land being conveyed and not the nature of the property interest.  Instead, plaintiffs argue the court should have determined that the use of the term "right of way" in this deed referenced the interest being conveyed and thus indicated an intention to convey an easement.  Furthermore, the plaintiffs argue that because the deed contains the phrases "strip of land" and through this court should have found that the deed conveyed an easement and not a fee.  The court disagrees. First, the court finds that it was correct that the use of the phrase "right of way" was describing the geographic location of the property and not the property interest itself.  This is further supported by an inclusion of a specific amount of acreage that is being conveyed which indicates that the use of the term "right of way" was describing the geographic location of the interest being conveyed. Second, for the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Hobson 13/331 deed are not

made in reference to any language limiting the use of the land and thus do not indicate an intent

by the original parties to convey an easement. Thus, the court finds that its original conclusion

that the *Bernards* factors weighed in favor of finding that the Hobson 13/331 deed conveyed a

fee was correct and therefore the plaintiffs' motion for reconsideration is denied.

    4. The Johnson 9/610 Deed

The **Johnson 9/610 deed (Def.'s Ex. 61)** provides in pertinent part:

Samuel Johnson                      RAILWAY DEED.
to                                      NO. 6636.
Pacific Railway and Navigation Company.



               * * * [EMPTY SPACE] * * *
              −−−−−−−−MAP−−−−−−−−
     −−−−−−−−Showing RightofWay [sic] across−−−−−−−−
 −−−−−−−−A Tract of land 209½ ft sq. Sec 22 T1N.R10W −−−−−−−−
         −−−−−−−−Scale "1400ft"−−−−−−−−
            * * * [Drawing or map] * * *

      KNOW ALL MEN BY THESE PRESENTS: That for and in consideration of the sum of Twenty five and 00/100 DOLLARS, the receipt whereof is hereby acknowledged, I, Samuel Johnson, widower, and sole heir at law of Annie Johnson, deceased, of Tillamook County, Oregon, hereinafter called the grantnrs [sic] do hereby bargain, sell, grant, convey and confirm to PACIFIC RAILWAY AND NAVIGATION COMPANY, hereinafter called the grantee, and to its successors and assigns forever, all of the following described real property situate in the County of Tillamook and State of Oregon, to-wit:

      A strip of land one hundred (100) feet wide being fifty (50) feet on each side of the center line of the railway of the grantee as the same is surveyed and located through a certain tract of land in Lot eight of section twenty two, Township one North of Range ten West of Willamette Meridian, more particularly described as follows;- [sic]

Commencing at a stake on the meander line marked with a cross, running thence in a Southerly direction 209$\frac{1}{2}$ feet, thence Westerly 209$\frac{1}{2}$ feet, thence Northerly 209$\frac{1}{2}$ feet, thence Easterly 209$\frac{1}{2}$ feet to the place of beginning.

Together with the appurtenances, tenements,[]and hereditaments thereunto belonging or in anywise appertaining.

      TO HAVE AND TO HOLD unto the above named grantee and

unto its successors and assigns forever.

> The grantors [sic] above named do covenant that they are seised of the aforesaid premises in fee simple, and that the same are free from all encumbrances, and that they will warrant and defend the premises herein granted unto the grantee aforesaid, and unto its successors and assigns against the lawful claims of all persons whomsoever.

The court had found that the Johnson 9/610 deed conveyed fee simple title because the amount of consideration was substantial ($25), the "right of way" language in body of the deed described the geographic location of the property and not of the nature of the interest being conveyed, there was no limitation on the use of the land for railroad purposes only nor a right of reverter if the railroad discontinued railroad use, and there was no requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's land.

The plaintiffs argue that the court incorrectly determined that the phrase "right of way" did not indicate the original parties' intention to convey an easement because it described the land being conveyed and not the nature of the property interest. Instead, plaintiffs argue the court should have determined that the use of the term "right of way" in this deed referenced the interest being conveyed and thus indicated an intention to convey an easement. Furthermore, the plaintiffs argue that because the deed contains the phrases "strip of land" and through this court should have found that the deed conveyed an easement and not a fee. The court disagrees. First, the court finds that it was correct that the use of the phrase "right of way" was describing the geographic location of the property and not the property interest itself. Second, for the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Johnson 9/610 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards/Bouche* factors weighed in

favor of finding that the Johnson 9/610 deed conveyed a fee were correct and therefore the plaintiff's motion for reconsideration is denied.

      5. The Paquet 5/316 Deed

The **Paquet 5/316 deed (Def.'s Ex. 81)** provides in pertinent part:

| Fred Paquet | No. 2853 |
|---|---|
|   to | Right of Way |
| Pacific Railway + Navigation Company | $202.60 |

      Know All Men by These Presents: That for and in consideration of the sum of $202.60/100 to me in hand paid, the receipt whereof is hereby acknowledged, I, Fred Paquet, unmarried, do hereby grant, bargain, sell and convey to the Pacific Railway and Navigation Company, and to its successors and assigns forever, all those portions of the land owned by me, embraced in a strip of land 100 ft. wide, being 50 ft. on each side of the center line of the railway to the Pacific Railway and Navigation Company, as now surveyed, located and adopted thru the lands of the aforesaid Fred Paquet, in Lot 1, Sec. 22 T 1 N.R.10 W., W. M. said center line being more particularly described as follows: * * * [Description] * * *

      Together with the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining.

      To Have and to Hold unto the Pacific Railway and Navigation Company and to its successors and assigns forever, together with the right to build, maintain and operate thereover a railway and telegraph line.

The court had found that the Paquet 5/316 deed conveyed fee simple title because the amount of consideration was substantial ($202.60), the "right of way" language in the body of the deed described the geographic location of the property and not of the nature of the interest being conveyed, there was no limitation on the use of the land for railroad purposes only nor a right of reverter if the railroad discontinued railroad use, and there was no requirement for the railroad to build structures such as crossings, cattle guards, or fences to protect the grantor's land.

The plaintiffs argue that the court incorrectly determined that the phrase "right of way" did not indicate the original parties' intention to convey an easement because it described the land being conveyed and not the nature of the property interest.  Instead, plaintiffs argue the court should have determined that the use of the term "right of way" in this deed referenced the interest being conveyed and thus indicated an intention to convey an easement.  Furthermore, the plaintiffs argue that because the deed contains the phrases "strip of land" and through this court should have found that the deed conveyed an easement and not a fee.  The court disagrees. First, the court finds that it was correct that the use of the phrase "right of way" was describing the geographic location of the property and not the property interest itself.  This is further supported by an inclusion of a specific amount of acreage that is being conveyed which indicates that the use of the term "right of way" was describing the geographic location of the interest being conveyed. Second, for the same reasons as explained in the court's analysis of the Category II deeds, the use of "strip of land" and through in the Paquet 5/316 deed are not made in reference to any language limiting the use of the land and thus do not indicate an intent by the original parties to convey an easement. Thus, the court finds that its original conclusion that the *Bernards* factors weighed in favor of finding that the Paquet 5/316 deed conveyed a fee was correct and therefore the plaintiffs' motion for reconsideration is denied.

## CONCLUSION

For the foregoing reasons, the *Albright* and *Loveridge* plaintiffs' motion for reconsideration is hereby **GRANTED-in-PART and DENIED-in-PART**.  Reconsideration is granted for the Beals Land Co. 18/41 deed, Wheeler 16/2 deed, Byrom 5/310 deed and Hannan 72/549 deed.  The parties shall have until **February 25, 2019** to file a proposed schedule for

resolving the remaining issues in these cases.  The court will thereafter schedule a status

conference to finalize the parties' next steps.

**IT IS SO ORDERED**.

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge