# In the United States Court of Federal Claims
No. 16-912L
(Filed: September 18, 2020)

|  |  |  |
|---|---|---|
| PERRY LOVERIDGE, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | RCFC 59(a); RCFC 54(b); |
| THE UNITED STATES, | ) ) | Reconsideration; Rails-to-Trails; Oregon Law; Adjacency |
| Defendant. | ) ) | |

*Thomas S. Stewart*, Kansas City, MO, for plaintiffs. *Elizabeth G. McCulley*, Kansas City, MO, of counsel.

*David W. Gehlert*, Environment and Natural Resources Division, United States Department of Justice, Washington DC, with whom was *Jean E. Williams*, Deputy Assistant Attorney General, for defendant.

**ORDER GRANTING IN PART AND DENYING IN PART RECONSIDERATION AND ALLOWING FOR ADDITIONAL LIMITED DISCOVERY**

**FIRESTONE**, *Senior Judge*.

Pending before the court in this Oregon Trails Act case is the *Loveridge* plaintiffs' motion for reconsideration of this court's June 22, 2020 opinion denying plaintiffs' motion for partial summary judgment and granting the government's cross motion regarding twelve parcels where there is an intervening road between the plaintiffs' property and the railroad's right of way. *Loveridge v. United States*, 149 Fed. Cl. 64, 72-77 (2020). The court held that these plaintiffs failed to show under Oregon law "that they own more than to the centerline of the intervening road, street or pathway identified as a

boundary in their deeds" and thus could not demonstrate that their parcels were adjacent to the rail corridor, as required to demonstrate a taking. *Id.* at 77. The plaintiffs now argue that "[a]lthough the [c]ourt correctly set forth and summarized the fundamental aspects of the centerline presumption" under Oregon law, the court "applied the presumption incorrectly on the adjacency and ownership issues." Pls.' Mot. at 1, ECF No. 119. The plaintiffs also contend that regardless of whether the court properly denied their motion for partial summary judgment, the court improperly granted the government's cross motion and should have allowed plaintiffs to obtain additional evidence of ownership. *Id.* at 1, 13-14.

As discussed below, plaintiffs' motion is **GRANTED IN PART** and **DENIED IN PART**. The court denies reconsideration on the ground that the court incorrectly applied Oregon law in its prior decision based on the record then before the court. However, the court exercises its discretion to grant the plaintiffs' alternative request for additional discovery to establish whether plaintiffs' parcels are adjacent to the rail corridor. Following a period of limited discovery, the parties may file renewed motions for summary judgment on this issue.

I.   BACKGROUND

The facts of this case have been discussed at length in prior opinions, and the court will only briefly repeat the relevant facts here. The plaintiffs claim they are entitled to just compensation under the Fifth Amendment in connection with the creation of the Salmonberry Trail in Oregon over a railroad right of way operated by the Port of Tillamook Bay ("POTB"). The plaintiffs claim to own property underlying the POTB's

railroad right of way and assert that the creation of the Salmonberry Trail gave rise to a taking of their property. *Loveridge*, 149 Fed. Cl. at 68.

As relevant here, the plaintiffs argued in their prior motion for partial summary judgment that they own the underlying fee to the centerline of the railroad right of way for twelve parcels bounded by a road, street, or other pathway adjacent to the railroad right of way by operation of the "centerline presumption" and its exception under Oregon law. *Id.* at 72. The plaintiffs supported their claims with undisputed evidence of the conveyance deeds granted by prior landowners to the railroad for the right of way between 1900 and 1910, as well as documentation regarding the creation of a public road, street or other pathway adjacent to the railroad's right of way in the form of resolutions providing notice to the public about the plan to construct the road and recommendations that a road be established with damages paid to the abutting landowner. *Id.* The government argued in its cross motion that under Oregon law the current landowners who own property bounded by a road, street, or pathway own only to the centerline of the road, street, or pathway and cannot claim any ownership of the railroad right of way. *Id.*

The court denied the plaintiffs' motion for partial summary judgment on this issue and granted the government's cross motion.[1] The court first explained that "Oregon law's centerline presumption provides that the adjacent landowners on either side of the road each own the underlying fee to the centerline of the road." *Id.* at 75. The court also recognized an exception to the centerline presumption "where the dedicated road runs

---

[1] The court assumed without deciding that the property interest conveyed to create the intervening road, street, or pathway was an easement. *Loveridge*, 149 Fed. Cl. at 74, 76-77.

3

between two tracts of land under different ownership and the road was wholly dedicated from only one of the owners' tracts," in which case "the entire width of the road transfers with the abutting property from which it was wholly dedicated." *Id.* (quotation and internal alterations omitted).

Applying Oregon law, the court determined that "plaintiffs have failed to show that they own more than to the centerline of the intervening road, street or pathway identified as a boundary in their deeds." *Id.* at 77. This was because "the modern deeds show that the property conveyed to the plaintiffs is bounded by the intervening road," and plaintiffs failed to "produce evidence," such as conveyance instruments, "to show that the land on the other side of the centerline of the road and directly adjacent to the railroad right of way" – in other words, the entire land underlying the road – "was also conveyed to them." *Id.* The court explained that the exception to the centerline presumption did not apply as to the road because the plaintiffs had "presented no evidence of two owners at the time the roads were created," and that "[w]ithout this evidence, it must be presumed that the parcel closest to the railroad right of way is now owned by someone other than the plaintiffs." *Id.* In so holding, the court relied on *BHL Properties LLC v. United States*, 135 Fed. Cl. 222, 228-29 (2017), which required the plaintiff to present evidence that he owned the fee under the intervening road where the language of the plaintiff's deed described the road easement as the boundary of the property transferred.

The plaintiffs have now filed a motion for reconsideration of this decision on adjacency. The plaintiffs argue that the court correctly articulated Oregon law but misapplied the centerline presumption in this case. Pls.' Mot. at 5-6. According to the

4

plaintiffs, by operation of the centerline presumption and its exception, "two distinct parcels were created when the railroad's right-of-way was created," but "the centerline presumption was not triggered when the road was constructed . . . because the entire width of the road was transferred by the abutting landowner on that side." *Id.* at 6. "As a result," plaintiffs argue, "the ultimate successor to" that abutting landowner – the plaintiffs and parcels at issue here – "continued to own the underlying fee in the intervening road and the underlying fee to one-half of the railroad's right-of-way" under Oregon law. *Id.* at 9. The fact that the modern deeds contain describe the road as a boundary, the plaintiffs argue, does not "negate the necessity to apply the centerline presumption when the right-of-way was constructed or the exception to the centerline presumption when the road was constructed." Pls.' Reply at 6, ECF No. 124.

Alternatively, the plaintiffs argue that the court should not have granted the government's cross motion for summary judgment because if their argument is not adopted, "there is a factual and legal dispute as to who owns the underlying fee in the railroad's right-of-way." Pls.' Mot. at 11-12. The plaintiffs contend that "the [c]ourt should have allowed the [p]laintiffs to obtain chain of title evidence to provide additional evidence of ownership or the [c]ourt could have reserved the issue for trial . . . ." Pls.' Reply at 11.

The government responds that reconsideration is inappropriate because plaintiffs have not raised any new arguments and have failed to demonstrate error in the court's decision. Def.'s Resp. at 3-7, ECF No. 123. The government contends that the court properly followed the rationale of *BHL Properties* and that, because plaintiffs have had

discovery and failed to produce evidence to support their claims, the court properly granted summary judgment in favor of the government on this issue. *Id.*

Oral argument was held on September 9, 2020.

## II.   LEGAL STANDARD

Plaintiffs move for reconsideration of an interlocutory order, which the court considers under Rule 59(a)(1) and Rule 54(b) of the Rules of the United States Court of Federal Claims ("RCFC"). "These rules articulate the understanding that courts possess inherent authority to modify interlocutory orders prior to the entering of final judgment in a case." *Martin v. United States*, 101 Fed. Cl. 664, 670 (2011), *aff'd sub nom. Fournier v. United States*, No. 2012-5056, 2012 WL 6839784 (Fed. Cir. Nov. 27, 2012). The grounds for a court's exercise of its authority to reconsider include the discovery of new or different material evidence not presented in an earlier decision, an intervening change in controlling legal authority, or when a prior decision is clearly incorrect and would work a manifest injustice. *Martin*, 101 Fed. Cl. at 670. Reconsideration is "not intended, however, to give an unhappy litigant an additional chance to sway the court." *Id.* at 671 (internal quotation omitted).

The standard for reconsideration of an interlocutory order under RCFC 54(b) and 59(a)(1) has been described as "less rigorous" than the standards applicable to the reconsideration of final judgments under RCFC 59(e). *Martin*, 101 Fed. Cl. at 670. Reconsideration under RCFC 54(b) is available "as justice requires." *L-3 Commc'ns Integrated Sys., L.P. v. United States*, 98 Fed. Cl. 45, 48 (2011). "While the threshold for reconsideration under RCFC 54(b) is imprecise, it certainly 'leaves within [its] ambit . . .

a good deal of space for the [c]ourt's discretion.'" *Martin*, 101 Fed. Cl. at 671 (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)). Asking "what justice requires amounts to determining, within the [c]ourt's discretion, whether reconsideration is necessary under the relevant circumstances." *Farmers Coop. Co. v. United States*, 100 Fed. Cl. 579, 581 (2011) (internal quotation omitted).

## III.  DISCUSSION

Applying these standards, the court denies the plaintiffs' motion for reconsideration on the issue of the court's application of the centerline presumption and its exception to the facts of this case, as the record currently exists. The plaintiffs merely repeat arguments that were already considered by the court, again explaining their theory regarding the operation of the centerline presumption and its exception on the parcels at issue. These repeated arguments do not demonstrate that the court's decision is "clearly incorrect." *Martin*, 101 Fed. Cl. at 670. As in plaintiffs' prior briefing, plaintiffs' current reconsideration motion argues that the court should not have followed the rationale of *BHL Properties* in determining whether the plaintiffs owned the entirety of the intervening road, street or pathway and therefore whether they owned property adjacent to the rail corridor. Pls.' Mot. at 10 & n.13, 13 ("The fact is that *BHL Properties* . . . was wrongly decided."). According to plaintiffs, by failing to determine that the plaintiffs *must* own the entire underlying road by operation of the exception to the centerline presumption, the court has impermissibly created a "vacuum of ownership" as to "who owns one-half of the railroad's right-of-way on the side of the intervening road." Pls.' Reply at 8.

7

As explained in its June 22, 2020 decision, however, the court disagrees.  It is the plaintiffs' burden to prove ownership of land abutting the railroad corridor in order to demonstrate a taking has occurred.  *BHL Props.*, 135 Fed. Cl. at 229; *Brooks v. United States*, 138 Fed. Cl. 371, 394 (2018) ("[I]t is plaintiffs' burden to establish that their property is adjacent to the railroad right-of-way.").  The court concluded that the plaintiffs failed to do so, determining based on the record presented to the court that the court could not "presume that the property underlying the entire road belongs to [the plaintiffs] because it once belonged to a prior landowner where the modern deeds show that the property conveyed to the plaintiffs is bounded by the intervening road." *Loveridge*, 149 Fed. Cl. at 77.  Following the rationale of *BHL Properties*, the court held that plaintiffs failed to produce evidence to support their preferred application of the centerline presumption and its exception to the properties at issue.  Plaintiffs' mere disagreement with this court's reasoning and the court's reliance on *BHL Properties* does not warrant reconsideration of this issue.  *Res Rei Dev., Inc. v. United States*, No. 15-1256C, 2017 WL 280890, at *1 (Fed. Cl. Jan. 23, 2017) ("[M]ere disagreements with a court's reasoning are insufficient to warrant reconsideration under RCFC 59 . . . .").

However, the court will exercise its discretion in these circumstances, *see Farmers Co-op*, 100 Fed. Cl. at 581, to grant reconsideration for the limited purpose of allowing the plaintiffs to conduct discovery to provide chain of title or other evidence supporting their arguments that they own property adjacent to the subject rail line.  The court recognizes, as the government argues, that fact discovery has closed in this case and agrees that it is plaintiffs' burden to prove adjacency.  Def.'s Resp. at 6-7.  However, now

8

that the court has ruled that the court disagrees with plaintiffs' presumed application of Oregon law, the court deems it appropriate to allow the plaintiffs to obtain additional evidence regarding adjacency for the twelve relevant parcels.  The government has not shown that it would be prejudiced by additional, limited discovery.  Moreover, the court has previously left similar ownership issues open following summary judgment briefing where the record "lack[ed] any evidence regarding" ownership, but where "it appear[ed] that such evidence could be produced."  *Anderson v. United States*, 147 Fed. Cl. 661, 688 & n.26 (2020).  The court therefore grants the plaintiffs' motion for reconsideration on this limited basis only.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration, ECF No. 119, is **GRANTED IN PART** and **DENIED IN PART**.  The parties shall submit by **October 1, 2020** a joint status report proposing a limited discovery schedule in accordance with this decision.

**IT IS SO ORDERED**.

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge
